## RUDOLPH V. HERMAN.

1. To make an appeal from a justice of the peace effectual, there must be a notice of appeal, a service of it on the adverse party, and the filing of it and of an undertaking for costs, with the justice, and all of these acts must be done within the time prescribed by the statute for taking the appeal. KELLAM, P. J., dissenting.
2. An undertaking for staying proceedings under judgments in actions of forcible entry and detainer, and allowing defendant to retain possession of the property during the pendency of the appeal, is not such an undertaking as is required of appellant as security for the payment of costs on appeal.

(Syllabus by the court. Opinion filed December 22, 1891.)

Appeal from the circuit court, Lincoln county. Hon. FRANK R. AIKENS, Judge.

Action of forcible entry and detainer, Judgment for plaintiff. Defendant appealed to circuit court. His appeal was there dismissed. Defendant appeals to this court from order of the circuit court dismissing his appeal. Affirmed. KELLAM, J., concurring specially.

*R. B. Tripp*, for appellant.

No bond for costs need be given in appeals from justice courts in forcible entry and detainer cases. §§ 5219, 5220, 6133, 6134, 6129, 6178, 6179, Comp. Laws; Robe v. Hamilton, 15

Cal. 31. Plaintiff could, and did, waive objections to the under-taking. Blair v. Hamilton, 32 Cal. 54; 15 Id. 31; Howard v. Herman, 5 Id. 78; Ives v. Finch, 22 Conn. 101; Mayle v. Landers, 20 Pac. Rep. 24; Hills v. Miies, 13 Wis, 628; Graves v. Richmond, 8 N. W. 753.

The appeal is taken—jurisdiction is invoked—by service of the notice. § 6129 Comp. Laws; Perkins v. Cooper, 24 Pac. 377; Hill v. Finnegan, 54 Cal. 314; Grant v. Ins. Co., 28 Wis. 390; Brown v. McConnell, 124 U. S. 489, 8 Sup. Ct. Rep. 559.

The court should have permitted the bond, because defective as the result of an honest and excusable mistake, to have been amended as requested. §§ 4939, 5235, Comp. Laws; Purcell v. Bulen, 6 Dak. 70; Keehl v. Schaller, 1 S. D. 290; 15 Cal. 31; Coulter v. Stark, 7 Id. 244; Cunningham v. Hopkins, 8 Id. 33; Wilson v. Allan, 3 How. Pr. 371; Irwin v. Bank, 6 Ohio St. 88; A. I. W. v. City, 85 N. Y. 652; Briggs v. Swales, 19 Abb. 323; Russell v. Bartlett, 9 Wis. 556; Smith v. Railroad, 19 Id. 89; Branger v. Butrich, 30 Id. 153; Negley v. Jeffers, 28 Ohio St. 96; Johnson v. Johnson, 31 Id 131; Watts v. Shewell, Id. 337; Hamilton v. Jameson, 52 Mich. 409; Railroad v. Judge, 27 Mich. 303; Patty v. Winchester, 20 Ill. 261; Wheeler v. Kuhns, 11 Pac. 97; Mitchell v. Goff, 18 Id. 424. Appeals from inferior tribunals are favored at law. Riley v. Mitchell, 35 N. W. 473; Cady v. Anson, 4 Wis. 223.

*P. C. Shannon* and *M. E. Rudolph* for respondent.

The appeal herein is from a money judgment—for rents and profits, as well as from a judgment in forcible entry and detainer. Kirkpatrick v. Dakota Ry. Co., 33 N. W. 103. Granting that appellant's contention is correct, that no cost bond need be given in an appeal from a judgment in forcible entry and detainer, yet in this case, as the appeal was from the whole of the judgment, a cost bond must be given. §§ 6080, 6129, 6133, Comp Laws.

A written undertaking is a jurisdictional prerequisite to an appeal from justice court. Coker v. Superior Court, 58 Cal. 177; Hall v. Superior Court, 8 Pac. 6; Levy v. Superior Court, 5 Pac. 353; Salt Lake Brewing Co. v. Gilman, 10 Pac. 32; Bubb

v. Coin, 16 Pac. 89; Lowell v. Lowell, 55 Cal. 318; Boyd v. Burrell, 60 Cal. 280; Figures v. Dunklen, 5 S. W. 503; Onderdank v. Emmons, 17 How. Pr. 545; Siltenden v. Adams, 5 How. Pr. 310.

An undertaking to stay execution does not include cost bond on appeal.  Duffy v. Greenebom, 12 Pac. 74; 71 Cal. 157. Undertaking in case at bar does not describe judgment appealed from, states no penalty and names no obligee.  There is no bond—nothing to amend, and no appeal is taken.  Sutherland v. Putnam, 24 Pac. 320; Garret v. Shove, 9 Atl. 901.  Sureties to an undertaking should justify.  § 5232, Comp. Laws; Starks v. Stafford, 12 Pac. 670.  To permit this undertaking to be amended would in effect be extending the time for taking an appeal, a power which the court does not possess.  Corcoran v. Desmond, 11 Pac. 816; Honer v. Wilkins, 12 Pac. 799; Duff v. Greenbaum, 13 Pac. 323; Biogi v. Howes, 63 Cal. 384; People v. Center, 61 Cal. 191; Hastings v. Halleck, 10 Cal. 31.

BENNETT, J.  This is an appeal from an order of the circuit court dismissing an appeal taken from a judgment of a justice of the peace under the forcible entry and detainer act, and for the recovery of $100 as rents and damages, and costs.  The reasons urged for dismissing the appeal before the circuit court were:  (1) That the undertaking filed contained no condition for the payment of costs on appeal; (2) that the bond was in no stated amount; (3) that it named no obligee; (4) that the judgment appealed from was not sufficiently described; and (5) that the sureties failed to justify.

The appellant claims that there was error in the court's dismissing the appeal:  (1) Because the undertaking was all that was required under the forcible entry and detainer act; (2) if it was not, plaintiff had waived all right to object to it; and (3) if neither of these positions is true, it is contended the court should have permitted the appellant to amend the undertaking or have been allowed to file a new bond.

The only undertaking filed by the appellant was as follows: "Whereas, judgment was rendered in favor of the plaintiff, and

against the defentant, in this court, on the 1st day of August, as more fully appears by the record; and whereas, the defendant is desirous of appealing to the circuit court of this county, and is desirous of a stay of proceedings on said judgment pending said appeal: Now, in consideration of the premises and such stay, we, the undersigned, do hereby undertake and agree that, under the possession by the appellant, M. H. Herman, of the property for which this action is brought, he will not commit, or suffer to be committed, any waste thereon; and that, if judgment be affirmed or the appeal dismissed, he will pay all rents for the use and occupation of the property, and all damages from the time of the appeal until the delivery of the possession thereof. [Signed.] M. H. HERMAN. WILLIAM FOWLER. A. C. MILLIMAN.'' This undertaking was and could have been for no other purpose than that of staying the execution under the forcible entry and detainer proceeding, and could not operate to dispense with the undertaking for the payment of costs on appeal. Section 6134, Comp. Laws, (Justices' Code,) says: ''In judgment for the delivery of possession in actions of forcible entry and detainer, or detainer only, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon; and that if the judgment be affirmed, or the appeal be dismissed, he will pay all rents for the use and occupation of the property, and all damages from the time of the appeal until the delivery of the possession thereof.'' The undertaking was merely in the language of this section of the statute, and could have relation to nothing but what was contemplated by the statute, viz: an undertaking for staying proceedings under judgment in actions of forcible entry and detainer, and allowing defendants to retain possession of the property, and to secure to the plaintiff the rents and damages of it from the time of appeal until a judgment may be had by a superior court on the questions at issue. Our statute (Section 6129, Comp. Laws) provides that any party dissatisfied with a judgment rendered

by a justice of the peace may appeal therefrom within 30 days, by giving notice, etc.; and then further provides (Section 6133) that "an appeal from a justice court is not effectual for any purpose unless an undertaking be filed, with two or more sureties in the sum of one hundred dollars, for the payment of costs on appeal." Justices' Code, (Comp. Laws §§ '6129, 6123.)

The undertaking provided in this section is to secure the payment of the costs on appeal, and provides that no appeal shall be effectual for any purpose unless such an undertaking shall be filed. No language could be more emphatic or positive. The object of this provision is very plain; and it is that a security may be given for the costs on appeal. It does not operate as a stay of execution. The two undertakings are different. In the one, the liabilities of the sureties are fixed for the costs on appeal; in the other, the liability of the sureties only extends to the commitment of waste upon the property, and for the rent, occupation, and damages. One undertaking is given to render the appeal effectual in any case, and the other for the stay of the execution during the pendency of the appeal. As there is this difference, and as the undertaking in one case is optional with the appellant, while in the other case it is imperative, by no parity of reasoning can it be said that either undertaking can supplant or take the place of the other. It would be a singular conclusion that the legislature intended that an undertaking required for a declared purpose should operate to accomplish a different purpose. When one intent is declared there can be no implication of a different intent. "The express mention of one thing implies the exclusion of another." Broom, Leg. Max. 626. If no undertaking is given to stay execution under Section 6134, the respondent can proceed and enforce his judgment by execution in the court below, and if one has been given, the stay is at an end upon the affirmance of the judgment by the court. He obtains the costs awarded to him upon the appeal by an execution in the court, or by an action against the sureties who have become bond for their payment.

But it is urged that, if the undertaking given was not all

that was required, the plaintiff had waived all right to reject to it. In support of this the defendant files an affidavit of himself and his attorney to the effect that the undertaking was submitted to the plaintiff, and examined by his attorney, and he said that there would be no objection to it on appeal. So far as these affidavits tend to show a waiver of the legal requirements to perfect an appeal from a justice of the peace, they cannot operate as a waiver of an undertaking necessary to render an appeal effectual for any purpose. An undertaking, such as is required by the statute, is a prerequisite to the aquisition of jurisdiction by the appellate court. That court cannot give to itself jurisdiction by holding an insufficient undertaking sufficient. This is a matter which can always be inquired into in a proper manner, to test the question of jurisdiction. The jurisdiction of the appellate court depends in part upon the undertaking. The supreme court of California, in the case of Coker v. Superior Court, 58 Cal. 178, in construing a statute identical with our own in relation to appeals from justice of the peace courts, says: "To effectuate an appeal from the judgment of a justice of the peace, three things are necessary, viz., the filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all these things must be done within thirty days after the rendition of the judgment. All of them are jurisdictional prerequisites; none of them can be dispensed with; nor can any one of them, if not done, be supplied, or, if fatally defective, be remedied, after the time limited by the statute; for, until all the prerequisites are complete, the appeal is not effectual for any purpose." If such is the law,—and we can see no good reason why it is not,—the requirements of the statute not being complied with, the appellate court had no jurisdiction, and the appeal should have been dismissed. The conditions upon which an appeal from a judgment of a justice of the peace may be had are regulated by statute. The right to such appeal depends upon a compliance with these requirements. If these be fulfilled, no appeal can be entertained by an appellate court, because it acquires no control of the case. But the appellant

further contends that, even if the above be the correct principles of law, governing appeals from judgments of justices of the peace, yet he should have been permitted to amend his undertaking or file a new bond. The abstract filed, and, in fact, the original record, fails to disclose wherein the appellant asked or applied to the circuit court for permission either to amend the bond already filed or to file a new one. We cannot, therefore, say what would be our decision on this question if properly before us. The court below rendered its decision on the sufficiency of the undertaking filed to perfect the appeal, not on an application to amend it or to file a new one. It having declared that the undertaking filed was insufficient, and on this ground dismissed the appeal, this judgment is all that is before us for review; and, finding no error in the court below in rendering its judgment, it must be affirmed.

CORSON, J., concurring.

KELLAM, P. J. I concur in the conclusion, but do not agree to all that is said in the opinion as to the jurisdictional character of the undertaking on appeal, under our statute.