RUDOLPH v. HERMAN.

1.   When an appeal from a justice's court has been dismissed by the circuit court, and the order dismissing such appeal has been affirmed by the supreme court, the jurisdiction of the circuit court over the case is at an end; and a motion made to such circuit court, after the decision of

the supreme court, by the appellant for leave to file a new or amended appeal bond, in order to perfect his appeal from the justice's court, is properly denied.

(Syllabus by the court.   Opinion filed Sept. 4, 1893.)

Appeal from circuit court, Lincoln county. Hon. FRANK R. AIKENS, Judge.

Action by M. E. Rudolph against M. H. Herman. From an order denying leave to defendant to file an amended undertaking on appeal from justice's court, defendant appeals. Affirmed.

*R. B. Tripp*, for appellants.

The lower court erred in refusing to allow appellants to file a new undertaking upon appeal. The rule is that courts should liberally exercise their powers in permitting new undertakings to be filed which are not in strict conformity to the statute, if the appeal is taken in good faith. Towle v. Bradley, 2 S. D. 472; Seward v. Corneau, 102 U. S. 161; O'Reilley v. Edringson, 96 Id. 724; Hayne New Trials and Ap. § 214; Hamilton v. Wayne, 18 N. W. 193.

*M. E. Rudolph*, for respondent.

In an appeal from a justice court where the appeal has been dismissed by the circuit court, and that order of dismissal has been affirmed upon appeal to the supreme court, the circuit court has no jurisdiction to grant to the appellant leave to file a new or amended appeal bond. Hayne on New Trial and Ap. § 291. An undertaking for costs on appeal cannot be filed after the time for taking the appeal has expired. Corceran v. Desmond, 11 Pac. 816; Duffy v. Greenbaum, 13 Pac. 323.

CORSON, J. This is an appeal from the order of the circuit court of Lincoln county, denying the motion of the defendant for leave to file an amended undertaking on an appeal from the justice's court, in which the action was originally tried. The facts, briefly stated, are as follows: This action was commenced in a justice's court for forcible entry and detainer, and judg-

ment was rendered for plaintiff for possession of the demanded premises, $100 damages, and costs. An appeal was attempted to be taken to the circuit court, and an undertaking on appeal filed with the justice, under Section 6134, Comp. Laws. This undertaking contained no stipulation for costs, as provided in Section 6133, Comp. Laws, or for payment of the damages and costs specified in the judgment. A motion was made in the circuit court to dismiss the appeal, on the ground that no undertaking for costs had been filed, as required by the last named section. The court granted the motion and entered an order dismissing the appeal. From this order of the circuit court the defendant appealed to this court, where the order of the circuit court was affirmed. The decision of this court is reported in 2 S. D. 399, 50 N. W. Rep. 833. After the decision of this court and the remittitur had been filed in the circuit court, the defendant moved that court for leave to file an amended undertaking in the case, which the circuit court denied, and it is from this order the defendant now appeals to this court.

The learned counsel for the respondent contends that the court properly denied the motion, for the reason that, the appeal from the justice's court having been dismissed, and the order dismissing the appeal affirmed by this court, the circuit court had no longer jurisdiction of the case. We are of the opinion that the proposition of the respondent is correct. When the circuit court made the order dismissing the appeal, that court ceased to have jurisdiction of the case so long as that order remained on its records unreversed and not vacated or set aside. The decision of the circuit court was affirmed by this court, and the order dismissing the appeal therefore stands unreversed of record in the circuit court.

It is insisted by the learned counsel for the appellant that that court retained its jurisdiction of the case by its stay order and the appeal to this court, but we do not think this proposition tenable. The circuit court ordered a stay of twenty days only on the original order, to give the defendant time to perfect his

appeal to this court. When, therefore, the order of the circuit court was affirmed by this court, the jurisdiction of the circuit court over the case was absolutely at an end.

It is contended that, because this court ordered the case "remanded to the circuit court for further proceedings according to law," it therefore recognized the fact that the cause was still in that court. But we do not so understand the mandate of this court. The appeal was from an order made by the circuit court, and hence the remittitur would necessarily go to that court, and become a part of its records. It must be borne in mind that it was the appeal that was dismissed, not the action, "on the ground that no proper undertaking on appeal, as required by law, had been given or filed." Whether the circuit court retained the power to vacate and set aside the order dismissing the appeal after the same was appealed from and affirmed by this court, it is not necessary now to decide, as no motion was made to that effect; the motion of appellant being "to amend his undertaking on appeal herein from the justice, so as to insert a condition for costs on appeal, and to stay execution on the money part of the judgment herein, and for such further and other relief as will be proper in the premises." Nor is it necessary to decide at this time whether the court, at the time the motion to dismiss the appeal was made, had such jurisdiction of the case as would have authorized it to have permitted a new undertaking to be filed, as no formal motion, at least, was made for leave to file such an undertaking. But, assuming that the court did have authority to permit the defendant to perfect his appeal by filing a new undertaking at the time the motion to dismiss the appeal was made, we think the application should have been made to the court before it made the order dismissing the appeal, or in connection with a motion to vacate or set aside the order. In Towle v. Bradley, 50 N. W. Rep. 1057, this court said, quoting from Howard v. Harman 5 Cal. 78: "When the appeal is taken bona fide, and not for delay, the appellate court will always permit another under-

taking to be filed;" and this court added: "The court should liberally exercise the power, when an appeal is taken in good faith and an undertaking filed, but which is not in strict conformity with the statute, by permitting a new undertaking to be filed, and the appeal perfected upon such terms as may be just." This presupposes that the party applying for such permission acts promptly, upon his attention being called to the defective undertaking. He cannot ordinarily be permitted to insist that the undertaking filed is sufficient, and, after an appeal to this court, and the undertaking held insufficient, apply to the circuit court for permission to file such a new undertaking. The application is addressed to the sound judicial discretion of the trial court, and, unless made within a reasonable time, there would be no abuse of such discretion in denying the application. Therefore we would not feel authorized to hold that the circuit court, in denying the defendant's application under the circumstances appearing in this case, abuse its discretion, assuming that it was fully authorized to grant it. Our conclusion is that the circuit court committed no error in denying the motion of the plaintiff, and the order of that court is affirmed.