BARBER v. JOHNSON.

1. If, in an appeal from justice court, the sufficiency of the sureties in the undertaking is excepted to as provided in Section 6133, Comp. Laws, and they or other sureties do not justify as required in said section, the appeal, on motion of respondent in circuit court, should be dismissed.

2. The affidavits of the sureties as to their qualifications, appended to the

undertaking when executed, do not constitute such justification as is contemplated by said section.

(Syllabus by the Court.   Opinion filed  Jan. 10, 1894.)

Appeal from circuit court, Sully county.   Hon. H. G. FULLER, Judge.

Action by H. R. Barber against Charles W. Johnson. From a conditional order vacating an order dismissing an appeal from a justice's court, plaintiff appeals.   Reversed.

*W. N. Meloon* and *L. E. Gaffy,* for appellant.

*T. M. Simmons* and *Albert Gunderson,* for respondent.

KELLAM, J.   The facts in this case, briefly stated, are these:  Plaintiff who is appellant, obtained judgment against defendant and respondent in a justice's court.   Within the statutory time the defendant gave notice of appeal, and filed an undertaking with two sureties, who severally made and attached an affidavit as to their personal and pecuniary qualifications. To the sufficiency of the sureties the plaintiff in due time excepted.   The justice set a time for their justification before him, but neither at that nor at any other time subsequent to such exception did they or other sureties appear and justify. In the circuit court the respondent moved to dismiss the appeal on these facts.   The court first granted the motion, and made an order so dismissing, but subsequently vacated it, and denied the motion to dismiss, upon condition that appellant file a new bond.   From that order appellant, who was respondent in that court, appeals.

The transcript of the justice's docket is as follows: "March 14, 1892, notice of appeal and bond, with Maria T. Johnson and D. Q. Jordan as sureties.   March 19, 1892, exception to bond filed by W. N. Meloon, plaintiff's attorney, and time for hearing set for March 21, 1892, at 10 o'clock a. m. March 21, 1892, 10 o'clock a. m., pursuant to notice, plaintiff appeared by W. N. Meloon, and defendant by attorney T. M.

Simmons. No parties as sureties appearing in person, motion of plaintiff to refuse the appeal on the ground that sureties did not appear to justify in person overruled on the ground that sureties had already justified, to which ruling plaintiff's attorney excepts. The bond as filed was considered as sufficient and approved." Section 6133, Comp. Laws, provides that "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice before whom the appeal is taken within five days thereafter, upon notice to the adverse party, to the amount stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." Here exception was properly taken to the sufficiency of the sureties. Neither they nor others justified before the justice within five days, or at any subsequent time. These conditions appearing, the statute declarges that "the appeal must be regarded as if no such undertaking had been given." If there were no undertaking, the dismissal of the appeal was inevitable, for it would have been ineffectual for any purpose. Section 6133. The failure to give any undertaking at all is not like giving a defective one that may be amended. Shaw v. Randall, 15 Cal. 385. The justice evidently regarded the affidavits of the sureties, which were appended to the undertaking when it was given, and which were still before him, as a sufficient justification to satisfy said Section 6133. In this, we think, he was in error. The sureties were only required to justify if, and after, their sufficiency was excepted to. The respondent, being the party interested in the sufficiency of the undertaking, was entitled to notice of the time and place when and where they would so justify. That the affidavits appended to the undertaking cannot take the place of the justification required is evident. By the same section it is provided that they must justify "to the amounts stated in their affidavits," thus making the justification subsequent, and in addition, to the affidavits. The manner of their justification upon notice ought probably to

follow substantially the method prescribed by Section 4961. The statute nowhere provides any other method, and, in appeals to the supreme court, sureties whose sufficiency is excepted to are required to justify in that manner. Section 5232. We are satisfied there was no such justification by the sureties in this case as the statute contemplates, and that, therefore, "the appeal must be regarded as if no such undertaking had been given;" the effect of which was to make the appeal ineffectual for any purpose. Section 6133. In Rudolph v. Hermon, (S. D.) 50 N. W. 833, this court held that, while the time within which appellant may file an undertaking on appeal from justice's court to make his appeal effectual is not expressly prescribed in the statute, it must be done within the time allowed for taking an appeal; and, consequently, jurisdiction by the appellate court could not be acquired by the filing of a first undertaking after the expiration of such time. See Coker v. Superior Court, 58 Cal. 177. This appeal was taken in March. The motion to dismiss was made in September. Up to that time, in contemplation of law, no undertaking had been filed, and it was then too late. McCracken v. Superior Court, 86 Cal. 74, 24 Pac. 845, fully sustains the conclusion that this appeal should have been dismissed.

Whether, in an appeal from justice to circuit court, an appellant in default can be relieved under Section 5235, Comp. Laws, it is not necessary now to consider. No relief was asked for on the ground of mistake or accident, and no facts shown to bring the case within the purview of that section.

We have hesitated a little on account of Judson v. Bulen, as reported in 50 N. W. 484. The facts are a little more fully stated in 6 Dak. 70. We have taken pains, however, to consult the original record presented to the territorial supreme court, upon which the decision was made, and find that, after exception to their sufficiency, and within the statutory time, the sureties did appear before the justice and justified, and upon such justification the undertaking was approved. The motion to

dismiss was granted, not upon failure of sureties to justify, but upon the insufficiency of the notice to the adverse party of the time and place of such justification. The trial court evidently regarded the notice so defective as to invalidate the subsequent justification, and dismissed the appeal. The appellate court held the notice sufficient, and reversed the order of dismissal. With this understanding of the facts there is nothing in that case out of harmony with our conclusion that, upon the facts in this case, the appeal should have been dismissed. The order of the circuit court is reversed, and the cause remanded, with instructions to dismiss the appeal.