## McDONALD V. PARIS.

1. Under Comp. Laws, Sec. 6133, providing that, upon filing the bond on appeal from a justice court, the adverse party may except to its sufficiency and unless the sureties justify within five days thereafter, upon notice to such adverse party, the appeal must be regarded as if no such undertaking had been given, a justification without notice to the adverse party confers no jurisdiction on the circuit court.

2. The sufficiency of the sureties to an undertaking on appeal from justice court having been excepted to, the appellant offered new sureties, but failed to serve notice of their justification upon the adverse party as required by Comp. Laws, Sec. 6133. Upon motion in the circuit court to dismiss the appeal on the ground that there was no undertaking, the appellant asked to file a new undertaking. *Held*, that the application was properly refused.

3. The return of a notice of exceptions to the sufficiency of an undertaking on appeal from justice court recited that it came into the hands of the officer July 2d and was served August 3d. The undertaking was filed on August 1st. *Held*, that the notice, having been served after the exceptions were filed, was valid, though given to the officer before the exceptions were filed.

4. On appeal from the dismissal of an appeal from a justice court, for the reason that notice of the justification of the sureties had not been given to the adverse party, where it was claimed by the appellant that such notice had been waived, the only evidence of such waiver was the insertion in the justice's certificate of justification of the words "and by agreement of parties," which words were erased by a line drawn through them. *Held*, that in the absence of evidence to the contrary, it would be presumed that the words were erased by the justice himself before the return was filed.

(Opinion filed Oct. 28, 1896.)

Appeal from circuit court, McCook county. Hon J. W JONES, Judge.

Action brought in justice's court, and from a judgment for plaintiff the defendant appealed to the circuit court. From an order dismissing the appeal, the defendant appeals. Affirmed.

The facts are stated in the opinion.

*M. A. Butterfield,* for appellant.

Appellant was entitled to file new bond and proceed with the trial. Towle v. Bradley, 2 S. D. 472.

*E. H. Wilson,* for respondent.

"If in an appeal from justice court, the sufficiency of the sureties in the undertaking is excepted to, as provided in Sec. 6133, Comp. Laws, and they or other sureties do not justify as required in that section, the appeal on motion of the respondent in circuit court should be dismissed." Barber v. Johnson, 4 S. D. 528.

CORSON, P. J. This is an appeal from a judgment of the circuit court dismissing an appeal taken from the judgment rendered in the justice's court. The judgment was rendered in the justice's court on July 2, 1894. On August 1st notice of appeal and undertaking on appeal were filed with the justice, and one dollar paid for transcript. No question is made as to the due service of the notice of appeal. On August 3d the plaintiff served notice that he excepted to the sufficiency of the sureties in the undertaking given on the appeal in the action, and demanded that said sureties or others justify as required by law. The affidavit of service of this notice is as follows:

"State of South Dakota, County of McCook—ss.: I hereby certify and return that the within notice came to my hands on the 2d day of July, 1894, and I served the same upon the within-named defendant, Z. Paris, by delivering to and leaving with him personally a true copy of the same at Bridgewater, McCook county, S. D., on the 3d day of August, 1894. Jacob Tschetter.

"Subscribed and sworn to before me, this 6th day of August, 1894. W. A. Morse, J. P."

We copy this affidavit in full, as it will be noticed that the deponent states that the notice came into his hands on July 2d,. and the appellant makes a point upon this fact, in the case. On August 8th a new undertaking was executed by one of the old sureties and one new one. The two sureties executing the new undertaking justified before the justice, but neither the plaintiff nor his attorney was present. On this new undertaking appears the following endorsement by the justice: "It appearing that no notice of the time and place when and where the sureties of defendant would appear to justify, the written bond and justification, hereto attached, are held to be irregular and are not approved. Dated August 8th, 1894. W. A. Morse, Justice of the Peace."

In December, 1894, the plaintiff made a motion in the circuit court to dismiss the appeal upon the ground that the sure ties on the undertaking, not having justified upon the notice to the plaintiff as provided by Sec. 6133, Comp. Laws, there was no undertaking on appeal, and no appeal perfected. Defendant thereupon moved the court for leave to file a new undertaking. The court denied the latter motion, and granted the former, and dismissed the appeal. The section before referred to provides that the "adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking and unless they or other sureties justify within five days thereafter, upon notice to the adverse party, * * * the appeal must be regarded as if no such undertaking had been given." It will be observed that notice of such justification is an essential prerequisite to the justification. The evident object of this provision is to enable the adverse party to be present and examine the sureties, in order to ascertain their pecuniary responsibility. It is not enough, therefore, that they are willing to make the ordinary affidavit as to their property. This they do in the first instance. Barber v. Johnson, 4 S. D. 528, 57 N. W. 225. The adverse party has the right to be present when the sureties justify and cross-examine them. The

right given to the party is an important one, and no justification in the absence of such notice can be upheld unless there has been an express waiver of the notice by the adverse party. In Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833, this court held that, unless an undertaking is filed as required by the statute, the appeal is not effectual for any purpose, and the appellate court acquires no jurisdiction of the appeal; and by Sec. 6133 it is declared that a failure to justify on notice where the sufficiency of the sureties is excepted to, "the appeal must be regarded as if no such undertaking had been given." It necessarily follows that, after 10 days, within which the exception and notice of justification could be given, there was no undertaking in the case. In contemplation of the law the undertaking filed had ceased to exist, and there was in legal effect no undertaking on appeal, and the circuit court had no jurisdiction of the appeal at the time the motion was made to dismiss the same. McCracken v. Superior Court, 86 Cal. 74, 24 Pac. 845.

The court therefore committed no error in dismissing the appeal unless the court erred in denying defendant's motion for leave to file a new undertaking on appeal. If there was no undertaking the circuit court had no jurisdiction of the case, and consequently no power or authority to grant the defendant's motion. No appeal having been perfected within the time allowed by statute, the action was not removed from the justice's court. The circuit court had no power or authority to extend the time within which a party might take and perfect his appeal from the justice's court while the action still remained in that court; and, as we have seen, until the sureties justify upon proper notice to the adverse party of the time and place of such justification, the case remains in the justice's court. There is a marked distinction between an appeal where no undertaking exists and an appeal where there is an undertaking, but it is defective. There being an undertaking in the latter case, the court acquires jurisdiction of the appeal, and therefore possess the power and authority to allow a new under-

taking to be filed, to cure the defect in the undertaking. Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057, was such a case. In that case an appeal was taken, notice duly served, and an undertaking filed which proved to be defective by reason of the fact that one of the sureties could not legally become a surety on the undertaking; and the court held that the appellate court could permit a new undertaking to be filed. Shaw v. Randall, 15 Cal. 386. In that case the court said: ''No undertaking was filed within the time limited by the statute, and the consequence is that there is nothing to amend. It is not the case of a defective undertaking, but of no undertaking at all.'' Gray v. Superior Court, 61 Cal. 337. The same rule would apply when an undertaking for costs has been properly given, but the undertaking to stay proceedings is defective. In such case the appellate court would have jurisdiction of the appeal, and might permit the undertaking to stay proceedings to be amended. The undertaking to stay proceedings is not jurisdictional, as it is given to preserve to the party the benefit of his appeal. Hill v. Finnegan, 54 Cal. 493; McCracken v. Superior Court, *supra*. But to allow the circuit court to assume jurisdiction and permit a new undertaking to be filed, as against the plain provisions of the statute, would be to concede to that court dispensing power where the legislature has spoken and says "that such an undertaking must be regarded as if no such undertaking had been given.'' McCracken v. Superior Court, *supra*; Elliott v. Chapman, 15 Cal. 383. We are, therefore, clearly of the opinion that the circuit court committed no error in denying the defendant's motion for leave to file a new undertaking, and in dismissing the appeal.

The counsel for appellant contends that, as it appears that the exception to the sufficiency of the sureties came into the hands of the party serving the same 29 days before the undertaking was filed with the justice, it was not an exception taken to the sufficiency of the sureties within five days after the undertaking was filed, as required by the statute. It will be no-

ticed, however, that the notice was served at the proper time; and, as it bears no date, the adverse party could not have been misled by the fact that it was made out at an earlier date. We apprehend that the time when such an exception is in fact written or printed, provided it is served at the proper time, is not material. It is quite probable that the date of July 2d was a clerical error, and should have read August 2d; but we must hold, for the purposes of this decision, that the abstract is correct, and that the exception was in fact placed in the hands of the party serving it July 2d. We are are of the opinion, however, that if such was the fact, it would not invalidate the effect of the exception, inasmuch as it was served upon the opposite party at the proper time.

Appellant further contends that there was an agreement between the parties, in effect waiving notice of the time and place of the justification of the sureties. But the only evidence of such an agreement found in the record is the insertion of the words in the justice's certificate to the justification "and by agreement of the parties," which words are erased by a line drawn through them. This court can only look to the return as it is found in the record. When the words were erased does not appear, but in the absence of evidence to the contrary we must presume they were erased before the return was filed, and were erased by the justice himself. Finding no error in the record, the judgment of the circuit court dismissing the appeal is affirmed.