## Brown v. Chicago, M. & St. P. Ry. Co.

1. The bond on appeal from a justice's court is required not only for the benefit of the adverse party, but on grounds of public policy, and cannot be waived under Comp. Laws, § 4700, providing that any one may waive a law intended solely for his benefit.

2. A bond on appeal from a justice's court is requisite to give the appellate court jurisdiction, and cannot be waived by the agreement of parties.

3. The Laws of 1887, providing for the waiver of a bond on appeal from circuit courts, are, by Chap. 20, § 5, thereof, made applicable only to such appeals, and do not govern appeals from justice courts.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Hutchinson county.   Hon. E. G. Smith, Judge.

Action by Alfred Brown against the Chicago, Milwaukee & St. Paul Railway Company.   Judgment for plaintiff.   Defendant appeals to the circuit court, thence to the supreme court.   Judgment of circuit court dismissing appeal affirmed.

The facts are stated in the opinion.

*Robert B. Tripp*, for appellant.   ·

*Wellington Brown*, for respondent.

Corson, P. J.   This is an appeal from the judgment of the circuit court dismissing an appeal taken from a judgment rendered by a justice of the peace.   The plaintiff and respondent moved the circuit court to dismiss the appeal on several grounds, the principle one being that the appellant filed no undertaking on appeal.   The motion was resisted upon the ground that an undertaking on appeal was waived by the respondent by his counsel, who signed the following indorsement upon the appeal: "Due service admitted this 25th day of January, 1897, and undertaking for costs and stay pending appeal is hereby waived."   The counsel for appellant in this court contends that by the provisions of Sec. 4700, Comp. Laws, an undertaking on appeal from justice's court may be waived.   That sec-

tion is as follows: "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." We are unable to agree with counsel in his contention. The filing of an undertaking on appeal is required not only for the benefit of the adverse party, but on grounds of public policy, and for public reasons, and constitutes one of the essential steps in perfecting an appeal. "An appeal from a justice's court is not effectual for any purpose unless an undertaking be filed." Comp. Laws, § 6133. This court has held in several cases that the giving of an undertaking is jurisdictional, and that the appellate conrt acquires no jurisdiction over the case until the undertaking is filed. Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833; McDonald v. Paris, 9 S. D. 310, 68 N. W. 737; Smith v. Coffin, 9 S. D. 502, 70 N. W. 636; Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685. In the latter case the court held that by the express provisions of the Code an undertaking might be waived on an appeal from the circuit court to this court. The learned counsel for the appellant contends that the provisions as to waiver of undertakings on appeals from the circuit court should be held applicable to appeals to a justice's court. We cannot agree with counsel in this contention. The law permitting a waiver of the undertaking on appeals from the circuit court was enacted in 1887, and by its express terms is made applicable to appeals under the provisions of that act. Laws 1887, Chap. 20, § 5. The law governing appeals from the justice's court is found in the Revised Codes of 1877, and was not amended by the act of 1887. We cannot hold, therefore, that the legislature intended that the act of 1887, expressly made applicable to appeals from the higher courts, should also be applicable to appeals from justices' courts. The undertaking, therefore, being essential, in order to confer jurisdiction upon the appellate court, cannot be waived by the parties, in the absence of any statutory provision authorizing such a waiver. This seems to be the view of the supreme court

of Massachusetts in construing a similar statute.    In Santom v. Ballard, 133 Mass. 464, that court says:    "The case before us was brought in the Central district court of Worcester, which rendered judgment against the plaintiff.    He claimed an appeal, but did not file the bond as required by law.    The superior court therefore had no jurisdiction of the case, and might dismiss it on its own motion, or on the motion of the appellee, at any time before judgment.    In many cases where there has been no objection to the jurisdiction because of some irregularity or defect in the service, or some merely technical defect in the process, it has been held that a general appearance by the defendant is a waiver of such objection.    But this rule applies only in cases where the court has jurisdiction of the subject-matter.    Consent of parties may, in a certain sense, give jurisdiction of the person, but it cannot create jurisdiction over the cause and subject-matter, which is not vested in the court by law.    *   *   *    The provisions of law requiring a bond are not wholly for the benefit of the appellee, but partly upon considerations of public policy, to discourage frivolous and vexatious litigation.    Parties cannot, by their consent, dispense with the bond, and thus, without complying with the law, devest the inferior court of its jurisdiction, and transfer the case to the higher court.    It follows that the superior court rightly dismissed the action."    Tolsom v. Cornell, 150 Mass. 121, 22 N. E. 705; Henderson v. Bensen, 141 Mass. 218, 5 N. E. 314; Ex parte Shethar, 4 Cow. 540.

It is further contended that this court, in Erpenbach v. Railway Co., 8 S. D. 575, 67 N. W. 606, in effect held that an undertaking on appeal could be waived in such a case; but that question was not considered by the court in that case.    There being a number of other questions discussed, this court assumed, for the purposes of the decision of those questions, that the circuit court had jurisdiction.    Since that decision this court has had occasion to give the subject of appeals from justices' courts more consideration, and in Smith v. Coffier,

*supra,* and McDonald v. Paris, *supra,* has held that an undertaking on appeal is requisite to give the appellate court jurisdiction of the appeal. Such being the effect of an undertaking, it logically follows that an undertaking, in the absence of an express statute permitting it, cannot be waived by the parties. Our conclusion is that the circuit court acquired no jurisdiction of the appeal, and that that court properly dismissed the same. The judgment of the circuit court dismissing the appeal is affirmed.