## BROWN v. BROWN.

1. An order of the cirtuit court, refusing motion to dismiss appeal from a justice of the peace, based on the absence of an undertaking for costs, is part of the judgment roll, matters in which alone are, under Comp. Laws, § 5237, brought up for review by appeal from judgment only of the circuit court; Section 5103 providing that there shall be included in the judgment roll "all orders or papers in any way involving the merits and necessarily affecting the judgment."

2. The statutory requirement of an undertaking for costs in the sum of $100 on appeal from a justice of the peace is not satisfied by a deposit with the justice of the amount of the costs and the value of the property for which there was judgment.

3. The giving a bond for costs on appeal from a justice of the peace is necessary to give the circuit court jurisdiction, so that the giving thereof is not waived by going to trial in the circuit without objection.

(Opinion filed January 18, 1900.)

Appeal from circuit court, Brookings county.   Hon. J. O. ANDREWS, Judge.

Action by George Brown against Albert Brown.   Judgment for defendant.   Plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Mathews & Murphy* and *Alexander & Hooker*, for appellant.

The deposit of the amount of the judgment and costs did not obviate the necessity of giving the undertaking for costs required by Section 6133, Comp. Laws, to make an appeal from a justice of the peace effectual for any purpose. The circuit court therefore did not acquire any jurisdiction of the case. Smith v. Coffin, 70 N. W. 636.

The general appearance of the plaintiff in the circuit court was not sufficient to invest that court with jurisdiction of the action and authority to enter a valid judgment therein in the absence of the undertaking. 2 Enc. Plead & Prac. 24; 1 Black Judg. § 225; Brown v. Railroad, 75. N. W. 198; Erpenbach v. Railroad, 76 N. W. 923; Holden v. Hoserodt, 49 N. W. 97; Ayres v. Sundback, 58 N. W. 4; Lathem v. Edgerton, 9 Cowan 226; Nelson v. Ladd, 54 N. W. 809; Murray v. Burris, 42 N. W. 25; Santon v. Ballard, 133 Mass. 464; Moise v. Powell, 59 N. W., 79 Neb.; Henderson v. Benson, 5 N. E. 314; Elliott on Appellate procedure, Sec. 520; Smith v. Meyer, 109 Ind. 1; Bank v. City Council. 52 N. W. 333.

*Cheever & Hall*, for respondent.

The court having jurisdiction of the subject matter of the action and there having been a substantial compliance with the statute in regard to appeals, the failure to file the appeal bond has been waived by the conduct and laches of the plaintiff. 2 Enc. Pl. & Pr. 348, 350; Sherwood v. Judge, 64 N. W. 1045; Stevens v. Ins. Co., 45 N. W. 284; 12 Enc. Pl. & Pr. 810; Elliott App. Proc. § 519, 684; Rudolph v. Herman, 50 N. W. 833; Towle v. Bradley, 50 N. W. 1057; Hayne on New Trial & App. Sec. 214; Howard v. Harman, 5 Cal. 78; Billings v. Roadhouse, *Id.* 71; Cunningham v. Hopkins, 8 Cal. 34; Rabe v.

Hamilton, 15 Cal. 32; Thompson v. Lea, 28 Ala. 454; Railroad v. Nester, 57 N. W. 510.

CORSON, J. This was an action commenced in a justice court, in which a judgment was rendered in favor of the plaintiff. The defendant attempted to appeal to the circuit court from the judgment so entered against him. The case was tried in the circuit court, and the plaintiff again recovered judgment. A new trial was granted, and subsequently thereto the plaintiff moved for a dismissal of the appeal. It appears that this motion was denied, but no exception seems to have been taken by the plaintiff to the order denying the motion. Subsequently the case was retried in the circuit court, and verdict and judgment were in favor of the defendant. Plaintiff has appealed to this court from the judgment entered upon the verdict at the last trial.

The appellant, who was plaintiff in the action, seeks upon this appeal from the judgment a review of the order denying the motion to dismiss the appeal. As before stated, the appeal is from the judgment only, there being no bill of exceptions in the case. The respondent insists in this court that, inasmuch as there is no bill of exceptions, the order denying the motion to dismiss the appeal is not before us for review, as it does not properly constitute a part of the judgment roll. Section 5103, Comp. Laws, provides what shall constitute the judgment roll, and reads as follows: "Unless the party or his attorney shall furnish a judgment roll, the clerk, immediately after entering the judgment, shall attach together, and file the following papers, which shall constitute the judgment roll:  *  *  *  (2) In all other cases, the summons, pleadings or copies thereof,

and a copy of the judgment, with any verdict or report, the of-
fer of the defendant, exceptions, case, and all orders or papers
in any way involving the merits and necessarily affecting the
judgment." Section 5237 provides that: "Upon an appeal
from a judgment, as well as upon a writ of error, the supreme
court may review any intermediate order or determination of
the court below which involves the merits and necessarily af-
fects the judgment, appearing upon the record transmitted or
returned from the district court, whether the same were except-
ed to or not; nor shall it be necessary in any case to take any
exception or settle any bill of exceptions to enable the supreme
court to review any alleged error which would, without a bill
of exceptions, appear upon the face of the record." Section
5217 provides that, upon an appeal being perfected, the clerk
of the court from which the appeal is taken shall, at the ex-
pense of the appellant, forthwith transmit to the supreme court,
if the appeal is from a judgment, the judgment roll. It will
thus be seen that an appeal from a judgment only brings be-
fore us for review matters contained in the judgment roll.
The question is therefore presented as to whether or not the
order denying the motion to dismiss the appeal properly con-
stitutes a part of the judgment roll. In the case of Smith v.
Coffin, 9 S. D. 502, 70 N. W. 636, this court in construing sub-
division 4, § 5236, Comp. Laws, held that that subdivision in-
cluded an order decisive of some question or point in the case,
as distinguished from a mere ruling on matters of practice
arising during the progress of the cause, and that the order in
that case denying a motion to dismiss the appeal was appeal-
able. It would seem to follow from this decission that the
order of the court in this case is an appealable order, and sub-

ject to review as an intermediate order on an appeal from the judgment, and it would also seem that the order, being one involving the merits, and necessarily affecting the judgment, properly constitutes a part of the judgment roll. We are of the opinion, therefore, that the order denying the motion to dismiss the appeal is properly before us for review on the appeal from the judgment.

This brings us to the main question, namely, was the ruling of the court correct in denying appellant's motion to dismiss the appeal? The motion was made upon the ground that no undertaking for costs on appeal from the justice court was ever executed or filed. From the affidavits resisting the motion it appears that the respondent deposited with the justice the amount of the costs and the value of the property for which judgment was recovered. In Smith v. Coffin, *supra*, it was held that, there being no provision for depositing with the justice the amount of the judgment in lieu of an undertaking for costs, the undertaking for costs in the sum of $100 must in all cases be given. The respondent contends, however, in the case at bar, that, inasmuch as the appellant appeared in the circuit court, and, without objection, proceeded to the trial of the cause, he thereby waived the filing of an undertaking for costs on the appeal from the justice court; but we cannot agree with counsel in this contention. The right to appeal is not a common-law right, but is one conferred upon the party by the statute, and hence a party seeking to take an appeal must do so in the manner and upon the conditions prescribed by the statute. This court said, in Black Hills Flume & Mining Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342, that "it is a well-settled doctrine that there is no common-law right of appeal,

and that the appellate courts only have such jurisdiction over appeals as may be specially conferred by law, constitutional or statutory." In addition to the cases there cited, see 2 Enc. Pl. & Prac., pp. 18, 19, and cases cited. This court has uniformly held, commencing with the case of Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833, followed by Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263; Smith v. Coffin, *supra*; McDonald v. Paris, 9 S. D. 310, 68 N. W. 737; Brown v. Railway Co., 10 S. D. 633, 75 N. W. 198,—that the execution and filing of an appeal bond for costs is absolutely necessary to give the appellate court jurisdiction of the appeal. In the latter case this court held that, even where there was a written waiver of the execution and filing of an undertaking for costs, the appellate court did not acquire jurisdiction over the appeal. If, therefore, the parties cannot, by express stipulation in writing, waive the filing of a bond for costs on appeal from a justice's court, it would seem to necessarily follow that the execution of such bond cannot be waived by appearance without objection in the appellate court. This seems to be the view of the author of the article on appeals in 2 Enc. Pl. & Prac. pp. 24, 25. In speaking upon this subject, that learned author says: "As appellate courts derive their jurisdiction from the law, no authority to hear and determine the subject matter in a cause can be given by consent of parties, where not within the statute. Such an appeal may be dismissed or stricken from the calendar, although the appellee joins in error, or otherwise waives the objection." See cases there cited. Following the decisions above referred to, we are compelled to hold that the learned circuit court erred in denying the motion of the appellant to dismiss the appeal. The judgment of the circuit court is reversed, and that court is

directed to dismiss the appeal from the justice's court to that court.