## DOERING V. JENSEN.

1. An appeal bond in justice court, conditioned to pay the amount of the judgment appealed from and all costs if the appeal is withdrawn or dismissed, or any judgment and all costs that may be recovered against appellant in the action in the circuit court, is insufficient, under Comp. Laws, § 6133, providing that an appeal from justice court shall not be effectual for any purpose unless an undertaking be filed for the payment of costs on the appeal.

2. When the appeal bond on an appeal from justice court is insufficient, the circuit court has no jurisdiction of the cause, and therefore cannot permit the filing of a sufficient bond.

3. When the circuit court dismisses an appeal from justice court, though having jurisdiction thereof, it cannot afterwards authorize the filing of an amended appeal bond, without first vacating the order of dismissal.

(Opinion filed July 2, 1902)

Appeal from circuit court, Aurora county. Hon. FRANK
B. SMITH, Judge.

Action by Henrietta Doering against Thormina Jensen.
Judgment was rendered against defendant in justice court, and
she appealed to the circuit court; and from an order dismissing
the appeal, and refusing her motion to be allowed to amend the
appeal bond, she appeals. Affirmed.

*H. C. Preston* and *T. J. Spangler*, for appellant.

*H. F. Fellows*, for respondent.

CORSON, J. This is an appeal from an order of the cir-
cuit court dismissing an appeal from the justice's court. Coun-
sel for the respondent moved the circuit court to dismiss the
appeal on the following grounds: (1) That no undertaking
had been filed for the costs by the defendant and appellant; (2)
that the pretended appeal and the papers therein were not
filed with the clerk of the circuit court within 15 days after the
said pretended undertaking and notice of appeal were filed
with the justice of the peace and the said appeal perfected.
This motion was granted, and, after the decision upon the mo-
tion, appellant moved the court for leave to file a sufficient un-
dertaking, which was denied. The appellant contends that
the court erred (1) in dismissing the appeal; and (2) in refusing
the appellant leave to file a proper undertaking.

The material part of the undertaking executed by the de-
fendant and appellant reads as follows: "Now, therefore, we
*  *  * do hereby undertake, in the sum of one hundred ninety
dollars, that the appellant will pay the amount of the judgment
appealed from, and all costs, if the appeal be withdrawn or
dismissed, or the amount of any judgment and all costs that

may be recoved against said appellant in the action in the circuit court." Section 6133, Comp. Laws, provides that an appeal from the justice court "is not effectual for any purpose, unless an undertaking be filed  *  *  *  in the sum of $100 for the payment of costs on the appeal." It will be observed that the undertaking on appeal in this action contains no stipulation for the payment of the costs on appeal. It provides that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed. and the amount of any judgment and all costs that may be recovered against said appellant in the action in the circuit court. Counsel for appellant call our attention to the case of Aultman, Miller & Co. v. Nelson, 11 S. D. 338, 77 N. W. 584, and contend that under the ruling in that case the court was in error in dismissing the appeal in this case, but we are of the opinion that this contention is untenable. It will be noticed that the undertaking in that case was "that the appellant will pay  *  *  *  all costs on said appeal." That undertaking, therefore, whether good or not as an undertaking to stay proceedings, was an undertaking for the costs on appeal. In the case at bar the undertaking as we have seen, contains no provision "for the payment of costs on the appeal." It is entirely silent upon that subject. The undertaking, failing, therefore, to comply with the statute, was "not effectual for any purpose." The conditions of the undertaking are those prescribed for the stay of proceedings only, and in this respect the case is analogous to, if not identical with, that of Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833; and the ruling of the court in this case, following as it does the decision in that case, is clearly correct. The statute, having prescribed the conditions required in such

undertaking in order to make an appeal effectual for any purpose, should be complied with. This court has held in several cases that, unless there is an undertaking for costs on appeal, the circuit court acquires no jurisdiction of the action. Rudolph v. Herman, supra; Brown v. Brown, 12 S. D. 380, 81 N. W. 627; Erpenbach v. Railway Co. 11 S. D. 201, 76 N. W. 923, The order of the court, therefore, in.dismissing the appeal· must be affirmed.

It is contended on the part of the appellant that the motion for leave to file a new undertaking should have been granted, but there are two answers to this contention: The first is, there being no undertaking for costs on the appeal, the court had no jurisdiction of the case, and therefore no authority to permit a new one to be filed; second, if the court had jurisdiction of the case, it had lost such jurisdiction by its order dismissing the appeal before the motion for· leave to amend was made. It is quite clear, therefore, that if the court had no jurisdiction of the action, and was right in dismissing the appeal, it had no power to permit the filing of a new undertaking. But if the court did have jurisdiction of the action, by its order dismissing the appeal it had lost the same, and such jurisdiction could not be restored except by vacating or setting aside the order of dismissal. In Rudolph v. Herman, 4 S. D. 203, 56 N. W. 122, a similar application was made; and this court, in deciding the case, uses the following language: "When the circuit court made the order dismissing the appeal, that court ceased to have jurisdiction of the case so long as that order remained on its .records unreversed, and not vacated or set aside." In either view of the case, therefore, the court was clearly right in denying appellant's motion for leave to file a new undertaking.

The order of the circuit court is affirmed.