## MILLER v. LEWIS.

1. Though defendant's objection on appeal by plaintiff from a justice that the circuit court had no jurisdiction, because of the insufficient bond, was well taken, yet, he having interposed a counterclaim, and there having been a trial on all the issues, he cannot afterwards question the jurisdiction.

2. Under plaintiff's contract to take defendant's cattle to run on his range till November 15th at $1 per head for all he turns back—he, if any of the cattle are killed by wolves, to turn back their ears—he is entitled to $1 for

each  animal he turns back, though some are  missing and he cannot find
them.

(Opinion filed December 2, 1903.)

Appeal from circuit court, Pennington county.    Hon:
LEVI McGEE, Judge.

Action by Irvin C. Miller against Freeman Lewis.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

*Buell & Gardner* for appellant.

· *Chauncey L. Wood* for respondent.

FULLER, J.   In this action, judgment on demurrer to the
complaint was obtained in justice court, and an appeal to the
circuit court upon both questions of law and fact was ineffectual, for the reason that the undertaking contained no provision for the payment of costs on appeal.   Under the decisions of this court, the defendant's objection that the circuit
court was without jurisdiction to hear and determine the cause
was well taken, and should have been sustained.   Rudolph v.
Herman, 2 S. D. 399, 50 N. W. 833; Barber v. Johnson, 4 S. D.
528, 57 N. W. 225; Smith v. Coffin, 9 S. D. 502, 70 N. W. 636;
Brown v. C., M. & St. P. Ry. Co., 10 S. D. 633, 75 N. W. 198,
66 Am. St. Rep. 730; Erpenbach v. C., M. & St. P. Ry. Co., 11
S. D. 201, 76 N. W. 923; Brown v. Brown, 12 S. D. 380, 81 N.
W. 627; Doering v. Jensen (S. D.) 91 N. W. 343.   However,
the defendant, instead of merely answering and resisting a recovery under the complaint, interposed a counterclaim, demanding an affirmative judgment against the plaintiff for the
sum of $100, exclusive of costs.   A jury trial of the issues
raised by the complaint, answer, counterclaim, and reply resulted in a verdict and judgment in favor of plaintiff; and defendant appeals therefrom, and from an order denying his
motion to dismiss the appeal from justice court.

17 S. D.—29

In holding that a valid jurisdictional objection is not available to the defendant after he has voluntarily recognized and invoked the jurisdiction of the court by the institution of a proceeding having for its basis a cause of action in his behalf, and proceeded to trial on a counterclaim by virtue of which he seeks to obtain an affirmative judgment, this court says: "A different conclusion would enable a litigant, while insisting that he is not in court, to demand affirmative relief, which can only be granted upon the theory that the court has jurisdiction of the cause and of the parties thereto. It would be obviously unjust to permit a party who has interposed an objection to the jurisdiction of the court over his person to avail himself of the chance to obtain a favorable affirmative judgment against the plaintiff by voluntarily pleading a counterclaim, and by obtaining a trial upon its merits, and at the same time preserving his right to reverse any judgment which might be rendered against him. In order to be in a position to insist in this court upon his jurisdictional question, appellant should have kept out of the circuit court for all purposes other than to make the objection that the summons was not served upon him, and to resist the cause of action stated in plaintiff's complaint." It is settled in this jurisdiction that one who thus voluntarily submits his controversy to the court, and avails himself of every opportunity to be heard, loses his right to insist upon a jurisdictional question. Ramsdell v. Duxberry 17 S. D. 331, 96 N. W. 132.

The only remaining question is whether the complaint states facts sufficient to constitute a cause of action based on the following contract:

"May 14th, 1901. This is to certify that Clay Miller takes

300 head, three hundred head of cattle of F. Lewis to run on his range until the 15th day of November at ($1.00) one dollar per head for all he turns back, and $2.00 per head for all over 300 head, and said Freeman Lewis is to pay ($100,00) one hundred dollars the first of July, 1901, the balance when the cattle are turned back, and if any cattle are killed with wolves said Clay Miller is to turn back 2 ears for each critter.     Freeman Lewis."

It is alleged in the complaint that immediately after making this contract the parties thereto gathered all the cattle in question, and that it was mutually agreed and understood, from a careful count then made, that there were 282 head to be turned over to plaintiff; and that he received that number and no more.   Independently of the usual demand for judgment, the two concluding paragraphs are as follows:

"That this plaintiff has gathered and returned to the defendant two hundred and seventy-five (275) head of said cattle, being all of the cattle that he could find upon said range within the time limited by said contract.

"That this plaintiff has complied with all the terms and conditions of said contract on his part, and has returned to the defendant as aforesaid two hundred and seventy-five (275) head of said cattle, within the time limited by said contract, and the defendant has paid to the plaintiff on account thereof the sum of two hundred ($200) dollars, and there is a balance of seventy-five ($75) dollars on account thereof still due from the defendant to this plaintiff, no part of which has been paid, and which defendant refuses to pay."

The word "range," as used by ranchmen and the parties to this contract, signifies sparsely populated and uninclosed

prairie, over which stock growers have been allowed to let cattle, horses, and other animals owned by them, or in their charge, roam and feed without restraint. By common consent, persons residing in such country have usually claimed as their range certain portions of this prairie lying contiguous to the home ranch. According to the prevailing custom and the contract under consideration, it was plaintiff's duty to let defendant's cattle run on his range from the 14th day of May, 1901, until the 15th day of the following November, and then gather or "round them up" for the purpose of turning them back to the defendant. For such privilege and services he is clearly entitled to recover from the defendant "$1 per head for all he turns back," and the same price for all that are killed by wolves, provided he turns back both ears of each animal. Having neither insured nor bound himself to redeliver all the cattle liberated on the 14th day of May, the fact that he gathered and turned back but 275 of the 282 cattle does not defeat a recovery of the $75 still unpaid, and the complaint states facts sufficient to constitute a cause of action.

The defendant having preserved no available error, the judgment of the circuit court is affirmed.