WASEM et al. v. BELLACH.

Where, on appeal from justice to county court, the undertaking was deficient in that it contained no condition to pay the costs of appeal, the county court, on motion made before dismissal of the appeal, should have permitted the appellant to file a new undertaking.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Minnehaha county.     Hon. JOSEPH W. JONES, Judge.

Action by Edwin S. Wasem and another against Frederick

Bellach. From a judgment of the county court dismissing his appeal from justice court, defendant appeals. Reversed.

*Ralph W. Parliman*, for appellant.

*Jones & Matthews*, for respondents.

CORSON, J. This is an appeal from a judgment dismissing an appeal taken to the county court of Minnehaha county from a justice's court.

In April, 1902, within the time prescribed by law, the defendant in the action against whom the judgment was rendered served a notice of an appeal upon the plaintiff's attorney, and filed the same, together with an undertaking on appeal in the justice court. On the 22d day of November, following, the plaintiff served a notice upon the defendant that he would move the court on November 29th, at the hour of 2 o'clock p. m., to dismiss said appeal on the ground that the same was not in proper form and did not constitute a sufficient undertaking on appeal. On the same day the defendant served a notice of motion on the plaintiff that he would move the court on the 29th day of November, at the hour of 10 a. m. for an order for leave to amend his undertaking or to file a new undertaking. The defendant's motion for leave to amend was denied by the court, and plaintiff's motion to dismiss the appeal was granted, and thereupon a judgment was entered dismissing the appeal. The defendant, in his notice of appeal to this court, designates for review the two orders entered in the county court. These questions are therefore presented for our decision: (1) Did the court err in denying defendant's motion for leave to amend the undertaking on appeal from the justice's court? (2) Did the court err in dismissing the appeal?

It is insisted on the part of the respondents, in support of the ruling of the court below, that, as the undertaking did not contain the condition to pay the costs of appeal required by section 103 of the Justices' Code, the court did not have jurisdiction of the case, and consequently had no power to grant the motion for leave to amend the undertaking or to file a new one. The motion to dismiss the appeal was made upon the theory that, the undertaking not containing an express stipulation to pay the costs of the appeal, and not being in the form prescribed by the Code under the decisions of this court, the undertaking was insufficient to give the county court jurisdiction of the case, and hence that the court was without authority to grant the motion of the defendant for leave to amend its undertaking or file a new one in conformity with the statute. The appellant, on the other hand, contends that while the undertaking did not conform to the requirements of the statute, and was defective, still it was an undertaking sufficient to give the court jurisdiction of the appeal, and therefore it had jurisdiction to allow the undertaking to be amended or a new one to be filed. We are of the opinion that the contention of the appellant is correct. This court has never held that, where an undertaking was filed which was not declared by the statute as not constituting an undertaking for any purpose, the court did not have jurisdiction of the action, and such undertaking was not subject to be amended.

In the case of Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833, no motion was made for leave to amend the undertaking, which had been given in pursuance of section 104, Justices' Code, until long after the appeal was dismissed, and hence the court did not pass upon the question as to whether or not the

court would have been authorized to permit the undertaking to be amended or a new one to be filed. On the subsequent appeal in the same case, this court held that the court below was not authorized to allow the undertaking to be amended, as the appeal had been dismissed, and the court was without jurisdiction to allow the amendment while the order dismissing the appeal remained unreversed. Rudolph v. Herman, 4 S. D. 203, 56 N. W. 122.

In Barber v. Johnson, 4 S. D. 528, 57 N. W. 225, the sureties had failed to justify, and the court held that the appeal must be regarded as if no undertaking had been given as provided by section 103 of the Justices' Code. There being no undertaking in the case, the court was clearly without jurisdiction. This court in that case said: "If there was no undertaking, the dismissal of the appeal was inevitable, for it would have been ineffectual for any purpose under section 103, supra. The failure to give any undertaking at all is not like giving a defective one, that may be amended. Shaw v. Randall, 15 Cal. 385." It will thus be seen that in that case there was no undertaking on appeal, and therefore the court was without jurisdiction to permit the undertaking to be amended or a new one to be filed; but this court clearly intimated that an undertaking, though defective, might be amended.

In Smith v. Coffin, 9 S. D. 502, 70 N. W. 636, no undertaking on appeal was filed, and this court held, there being no undertaking on appeal, the court had no jurisdiction to permit an undertaking to be filed in that court.

The case of McDonald v. Paris, 9 S. D. 310, 68 N. W. 737, was similar to that of Barber v. Johnson, supra, in that the sureties had failed to justify, and hence, under the statute,

there was no undertaking on appeal. The court, therefore, was without jurisdiction to permit an undertaking to be filed.

Brown v. R. R. Co., 10 S. D. 633, 75 N. W. 198, 66 Am. St. Rep. 730, was similar to the case of Smith v. Coffin, supra, in that no undertaking of any kind had been filed.

The case of Brown v. Brown (S. D.) 81 N. W. 627, was also similar to the case of Smith v. Coffin, no undertaking having been filed.

In Doering v. Jensen, 16 S. D. 58, 91 N W. 343, no motion for leave to amend the undertaking or to file a new one was made, as in the case of Rudolph v. Herman, supra, until after the appeal had been dismissed, and this court held that the motion came too late.

It will be seen that the question now presented has never been passed upon by this court, except in the case of Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057, in which it was held that an undertaking, though defective, might be amended or a new one filed. In the case at bar the motion for leave to file a new undertaking was served on the same day as the motion to dismiss the appeal, and was heard and determined prior to the motion to dismiss. In our opinion, therefore, it was the duty of the court to allow the undertaking to be amended or a new one filed. and to deny the motion to dismiss the appeal. An undertaking having been filed, although not sufficient under the statute, the appeal was subject to be dismissed on motion, yet, being filed in good faith as an undertaking, it had the effect of giving the court jurisdiction of the appeal. In Doering v. Jensen, supra, this court inadvertently used the expression that the court below was without jurisdiction, and that opinion must be qualified by striking that expression from the same.

The decision was right, however, as the undertaking was insufficient under the statute, and the appeal was properly dismissed. No motion having been made for leave to amend the undertaking or file a new one before the appeal was dismissed, the court by the dismissal had lost jurisdiction of the case, and it properly denied the latter motion. The question here presented will not be very important in the future, for the reason that the commission revising the Codes has amended the former section of the Compiled laws (section 6133) by striking therefrom the words "for any purpose," and providing therein for permitting parties to amend their undertaking, or file a new one, where it appears that the party attempting to appeal has in good faith made and filed an undertaking on appeal.

The judgment of the court below dismissing the appeal is reversed.