Sides v. Brendlinger.

JACOB A. SIDES, PLAINTIFF IN ERROR, v. DAVID BREND-
LINGER, DEFENDANT IN ERROR.

1. **Award:** AFFIDAVITS IMPEACHING RECORD. To make affida-
vits used to impeach an award of arbitrators a part of the record
so as to be available on proceedings in error, they must be em-
bodied in a bill of exceptions allowed and signed by the judge,
or clerk of the court, as the statute directs.

2. ———. In order to make a valid award, the arbitrators must pass
upon all material matters submitted to them.

3. ———. Every reasonable intendment is to be made in favor of
an award.

4. ———. The legal presumption, unless the contrary appear, is
that arbitrators decide all matters submitted to them, and only
those.

5. ———. It is not essential to the validity of an award of arbitra-
tors upon an account, when not required by the terms of this sub-
mission, nor requested on the trial, that there be a special find-
ing as to each separate item composing it, but a general finding
is sufficient.

ERROR to the district court for Dakota county. Tried
below before BARNES, J.

*Isaac Powers, Jr.*, for plaintiff in error.

1. Arbitrators did not pass on all issues submitted to
them. *Buntam v. Cyrtis*, 27 Ill., 374. *Yudor v. Scovell*,
20 New Hamp., 171. *Calcord v. Fletcher*, 50 Maine, 398.

2. Facts found and conclusions of law should be stated
separately. Civil code, §§ 300, 867. *Murry v. Mills*,
1 Neb., 456.

3. Award is vague and uncertain. Morse, 346.

*Joy & Wright* and *Thomas L. Griffey*, for defendant in
error, on first point made by plaintiff, cited: *Soper v. Frank*,
47 Vt., 368. *Bush v. Davis*, 34 Mich., 190. *Strong v.
Strong*, 9 Cush., 560. *Emery v. Hitchcock*, 12 Wend., 156.

Second point. Case cited by plaintiff, 1 Neb., 456, is not a parallel case. Besides no exceptions were taken, no request as to findings, etc. *Light v. Kennard*, 10 Neb., 330. *Turner v. Turner*, 12 Id., 161.

LAKE, CH. J.

This is a petition in error on a record brought from the district court sitting in Dakota county. The error complained of is the refusal of that court to set aside an award of arbitrators, to whose judgment and decision certain matters of difference between the plaintiff and defendant had been submitted. The submission provided that judgment should be rendered by said court on the award, which was to be, and in fact was, made and signed by the arbitrators by the 27th day of December, 1880.

Five several objections were made to said award, which it is now urged that the court erred in overruling. 1. That it was not the impartial judgment of disinterested arbitrators. 2. That the arbitrators did not pass upon all of the issues submitted to them. 3. That they did not state the facts found by them, and their conclusions of law, separately. 4. That the conclusions and judgment of the arbitrators are not supported by the facts found by them. 5. That the award is too vague, indefinite, and uncertain to authorize the judgment rendered thereon. This last objection seems to go to the judgment rendered by the district court on the award as well as to the award itself.

The first objection may be disposed of summarily. There is nothing in the record to warrant it. Certain affidavits purporting to have been filed with the clerk of the court below are brought here and relied on to show that one of the arbitrators was disqualified, but they are no part of the record, and therefore cannot be considered. In order to have made these affidavits a part of the record, a bill of exceptions embodying them, allowed and signed by the judge

or by the clerk of the court, as the statute directs, was necessary. Forty days were given by the judge to prepare a bill of exceptions, but the opportunity does not appear to have been availed of, wherefore we can entertain only such objections as depend upon the submission and award alone.

By the terms of the submission, the arbitrators were authorized to determine "all matters in dispute existing between the said parties in their business relations as principal and agent, from the time Jacob A. Sides commenced transacting David Brendlinger's business as his agent until the present time. Also a certain promissory note given by the said Jacob A. Sides to David Brendlinger, bearing date April 2d, 1877, of eighty-two dollars, at twelve per cent interest, or any other unsettled business between them that may be in dispute." Bills of particulars were filed by the parties, in the form of itemized accounts, specifying distinctly what each demanded from the other.

The plaintiff's account runs from the fall of 1878 to the fall of 1880, and contains in all sixty-nine separate items for labor done, materials furnished, and money expended from time to time by him as the defendant's agent in the management of his three farms in Dakota county. On this account he claimed the right to recover the sum of six hundred and fifty-two dollars and three cents.

The defendant in his bill of particulars admits that four items of the plaintiff's account, amounting to three hundred and thirty-four dollars and thirteen cents, are correct, and denies the residue. He then gives an itemized statement of his own demand against the plaintiff, amounting in the aggregate to two thousand six hundred and thirty dollars and ten cents, for which, less the amount of plaintiff's account admitted to be correct, he asks judgment. This account covers substantially the same period as the plaintiff's, and is made up of various items, such as the use of grass land, rents collected from tenants, wheat, corn, potatoes, etc., one promissory note for $82 particularly mentioned in the submission, and cash loaned.

By a reply, the plaintiff admitted the items of cash and the promissory note. Two or three other items of the defendant's account were also admitted, but the most of it was denied. Upon these issues a trial was had before the arbitrators, who found, as shown by their award: *First.* That the plaintiff had received from the defendant in property, money, etc., as charged, specifying the items, but not including any of the corn charged against him in the year 1880 as having been sold to one M. O. Ayres for four hundred and seventy-five dollars, to the amount of one thousand dollars and twenty-seven cents; and *Second.* That the plaintiff should have of his account, without mentioning the items thereof, as a credit, the sum of four hundred and ninety dollars and forty-seven cents. As to the corn sold to Ayres, which it seems had not yet been paid for, the arbitrators found specially that it was sold by the plaintiff as agent for the defendant, and that the plaintiff had not purchased and paid for it as he had alleged in his reply. As a conclusion from these findings of fact the arbitrators awarded that the plaintiff was indebted to the defendant in the sum of five hundred and nine dollars and eighty cents, for which amount the defendant was entitled to judgment.

Under the second objection it is urged that this award is fatally defective because it does not contain a special finding as to each one of the items composing these two accounts. With this view we cannot agree. The arbitrators were not required by the terms of the submission to so find, nor does it appear that they were even requested to do so. In such case there is no reason for requiring any greater particularity in an award of arbitrators than is customary in the verdict of a jury, or the finding of a court.

The law doubtless is as claimed by counsel, that in order to make a valid award the arbitrators must pass upon all of the material matters submitted to them. But the position which seems to be taken, that because the award

fails to specify the particular finding on each separate item of an account it follows that the arbitrators did not pass upon them, is supported by neither reason nor authority. Every reasonable intendment is to be made in favor of an award of arbitrators. *Strong v. Strong*, 9 Cush., 560. *Bush v. Davis*, 34 Mich., 190.   The legal presumption, unless the contrary appear, is, that arbitrators decide all matters which are submitted to them, and only those.  ·1 Am. Law Register (N. S.), 691.   *Walker v. Merrill*, 13 Me., 173.  *Chapin v. Boody*, 25 N. H., 285.  *Spear v. Hooper*, 22 Pick., 144.

As to the plaintiff's account, the arbitrators say: "We award to Jacob A. Sides, of his account, as a credit, $490.-47."   Now the fair and reasonable inference from this is, as it seems to us, that after fully considering the evidence applicable to each of the items composing the account they found them to be sustained to that amount, and that as to the residue they were unproved.   This certainly would be sufficiently definite as a general finding of a court or jury to authorize a judgment, and why not in the case of arbitrators whose decisions are looked upon with peculiar favor by all courts?   We are of opinion that it is.

The *third, fourth*, and *fifth* objections are entirely without merit.   The findings of fact and conclusions of law are not united, but are separately stated as the statue directs.   The only conclusions of law are, first, "that Jacob A. Sides is indebted to David Brendlinger in the sum of five hundred and nine dollars and eighty cents, for which amount he is entitled to judgment."   And, second, "that the costs of this arbitration shall be paid equally by the parties, each paying one-half."   The other findings are all of fact, and the conclusion that the plaintiff was indebted in the amount named resulted necessarily therefrom, that being the exact difference in favor of the defendant between the respective accounts as found and allowed by the arbitrators.   The matter of costs was largely within the discretion of the ar-

bitrators, and seems to have been considerately disposed of.
On the whole we are of the opinion that the judgment of
the district court on the award should be in all things af-
firmed.

JUDGMENT AFFIRMED.