## FISHER v. UNITED STATES.

### [*Opinion Filed Sept. 19, 1892.*]

1. INDICTMENT—*Ground of Demurrer.*—An indictment is not demurrable on the ground that the grand jury presenting it was not selected, formed, and impanneled as provided by law.

2. SAME—*When Sufficient in Perjury.*—An indictment charged that in a United States land office, before the register thereof, a land contest was pending, in which it became material to know the whereabouts of one W., and with whom he was at noon on a certain day, and defendant was produced as a witness, was duly sworn, and testified that he met W. and others at that time at a certain place, and was with them, whereas defendant did not meet or see W. and the others at the time and place testified to; and that by such testimony defendant knowingly and feloniously committed perjury before the register, who had competent power, under the laws of the United States, to administer the oath to said defendant *Held,* that the charge was sufficient, within Rev. St. U. S. § 5396, providing that it shall be sufficient to set forth in an indictment for perjury the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is assiged.

3. ACT OF 1857—*Revised Statutes.*—Though the act of congress of 1857 specially covering oaths taken and testimony given in United States land offices was not incorporated into the Revised Statutes, it will not be held that it was the purpose of congress to repeal the act, and thus leave people free to perpetrate by perjury gross frauds in obtaining and defeating titles to public lands without being subject to punishment.

4. INDICTMENT FOR PERJURY—*Sufficiency of.*—In a prosecution by the United States in a territorial court, the sufficiency of the indictmen- and the endorsements thereon must be tested by the requirements of the federal statutes; and, since there is no law of the United States requiring the names of witnesses to be indorsed upon the indictment, absence of such indorsement is a mere imperfection in form, which imperfections Rev. St. U. S. § 1025, declares shall not affect the indictment unless they tend to the prejudice of defendant.

5. INSTRUCTIONS—*When Considered on Appeal.*—Objections to the instructions will not be considered on appeal when the evidence has not been brought into the record, unless such instructions are clearly erroneous as abstract principles of law, or could not under any hypothesis have been applicable to the evidence.

6. MOTIONS IN TRANSCRIPT—*When Considered.*—Motions copied into the transcript and entries by the clerk of rulings thereon are not parts of the record, and will not be considered on appeal unless properly brought before the court.

*Error to the District Court of Oklahoma County, Hon. J. G. Clark, Judge.*

George W. Fisher was convicted of perjury, and brings error.   Affirmed.

*Amos Green* and *Edgar N. Sweet,* for plaintiff in error.

*Horace Speed,* for United States.

The opinion of the court was delivered by

BURFORD, J.:   George W. Fisher was convicted in the court below of the crime of perjury, and sentenced to imprisonment at hard labor for a term of four years and to pay a fine of $1 and costs.

The case is brought here by proceedings in error to reverse the judgment.

There are a number of errors assigned, but as there is no bill of exceptions in the record there is but little left for us to review.

The numerous motions made by the defendant during the progress of the case, the objections made at the trial, the instructions offered and refused, and the motion for new trial, are saved in the record by proper bill of exceptions, and present no questions for our consideration.

The defendant demurred to the indictment at the proper time for the reasons:

"1.   That the grand jury which found the indictment had no legal authority or jurisdiction to inquire into the offense charged for the reason that said grand jury was not selected, formed and empaneled as provided by law.

"2.   That the indictment does not state facts sufficient to constitute a public offense."

This demurrer was overruled and defendant excepted.

The first cause assigned is not a proper subject for demurrer under criminal procedure act of this territory. The demurrer searches the indictment itself and points out defects apparent on its face. It is not a proper requisite of an indictment that it state or disclose the manner in which the grand jurors were selected or empaneled.

The second cause of demurrer tests the sufficiency of the facts pleaded to constitute a public offense.

The defendant was convicted upon the third count of the indictment, which is equivalent to an acquittal upon the others, and hence we need only consider the sufficiency of this count.

After properly setting forth the caption it continues as follows:

"The grand jurors aforesaid, upon their oaths aforsaid, in the name and by the authority of the United States of America , do further find and present that at and within said Oklahoma county, in said Territory, on the 9th day of November, in the year of our Lord, one thousand eight hundred and ninety, in the United States Land Office at Oklahoma City, in said county, of which said land office John H. Burford was then and there the Register, and John C. Delaney the Receiver, a certain land contest and cause was pending and then and there came on to be tried wherein one Morgan Wright sought to have the homestead entry of one George W. Coffman for lots one, two and three, four, five and six of section six, in township eleven, north of range three west of the Indian Meridian in said Territory, cancelled and forfeited to the United States, and thereupon it then and there became and was a material question whether the said Morgan Wright had entered upon or occupied contrary to law any portion of the lands opened to settlement under the acts of Congress approved in the first and second days of March respectively, in the year of our Lord, one thousand eight hundred and eighty-nine, and

the proclamation of the President of the United States, dated the twenty-third day of March in the year last aforesaid, and prior to twelve o'clock noon of the twenty-second day of April of the year last aforesaid, and it then and there became and was a material question where and with whom Morgan Wright was with at and about twelve o'clock noon of the day last aforesaid. And then and there George W. Fisher was produced as a witness in said land contest and cause, and as such witness in said land contest and cause was then and there duly sworn to testify the truth, the whole truth, and nothing but the truth in said case, by the said John H. Burford, Register, he the said John H. Burford, Register, being then and there duly authorized and empowered under the laws of the United States of America to administer such oath, and being then and there a witness in said land contest and cause as aforesaid, so duly sworn as aforesaid, the said George W. Fisher did knowingly, wilfully, corruptly, feloniously and falsely testify, depose and say in substance and effect, that he, said Fisher, first met said Morgan Wright about one and one-half miles above Barrow's Crossing on the south side of the South Canadian river in the Chickasaw reservation or country, on the morning of the day last aforesaid; and at or about noon of said day the said Morgan Wright and said Fisher and Thos. Carr, and Mr. Murphy, Charley Fuller, Press Fuller, John Fuller, Jim Fuller, one Lingenfelter and others crossed said river at said crossing into the country so opened to settlement as aforesaid.

"Whereas in truth and in fact the said Fisher did not first meet said Morgan Wright about one and one-half miles above Barrow's crossing on the south side of the South Canadian river, in the Chickasaw reservation or country, on the morning of the day last aforesaid; and whereas in truth and in fact the said Morgan Wright, Fisher, Tom Carr, Mr. Murphy, Charley Fuller, Press Fuller, John Fuller, Jim Fuller and Lingenfelter did not nor did either of them so far as said Fisher then and there knew or believed, at or about noon of the day last aforesaid, cross said river at said crossing into the country opened to settlement, as aforesaid.

"In all of which particulars the testimony, statements and declarations so testified and deposed unto by the said George W Fisher were then and there material matter in and to the said contest and cause so instituted, began and heard as aforesaid and were then and there not true, but false, and were then and there by the said George W. Fisher not believed to be true, but were then and there by him believed to be false.

"And so the grand jurors aforesaid do say that the said George W. Fisher on the ninth day of November, in the year of our Lord, one thousand, eight hundred and ninety, at the the county aforesaid, did knowingly, falsely, corruptly and feloniously commit wilful and corrupt perjury in and by his oath so taken as aforesaid, before the said John H. Burford, Register, the said John H. Burford, Register, then and there having sufficient and competent power and authority under the laws of the United States of America to administer said oath to said George W. Fisher; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America.

HORACE SPEED,
United States Attorney."

This charge seems to contain all the requisites necessary to constitute the crime of perjury under the Federal procedure. This cause was prosecuted on the Federal side of the court for an offense against the laws of the United States, and the sufficiency of the indictment must be tested by said laws.

Section 5396, R. S. U. S. provides:

"In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court and before whom the oath was taken, averring such court or person to have competent authority to administer the same; together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information. indictment, declaration or any part of any record or proceeding, either in law or equity, or any affidavit, deposition or certificate, other

than hereinbefore stated, and without setting forth a commission or authority of the court or person, before whom the perjury was committed."

The indictment in this case fully complies with all the requirements of this provision. It is claimed there is no law of the United States making it criminal to testify or swear falsely before a register or receiver of a United States land office, and that perjury cannot be assigned upon an affidavit made or testimony given before such officers.

The Act of 1857, specially covers this class of cases and seems to have been enacted with special referrence to affidavits made, oaths taken and testimony given in United States land offices, and while this section was not carried forward and incorporated into the Revised Statutes, we are unable to find any other act embracing the same provisions or covering the same subject matter, and we cannot believe that it was the purpose of congress to repeal this Act, and leave people free to obtain titles to the public lands, defeat honest homestead settlers, and perpetrate gross frauds upon individuals and the government and not be amenable to law and subject to no punishment for such offense.

The defendant at the proper time moved to quash the indictment for these reasons:

"1. That the indictment is not found indorsed or presented as prescribed by law.

"2. The names of the witnesses examined before the grand jury in said cause are not inserted at the foot of the said indictment or endorsed thereon."

This motion was overruled and the defendant excepted. It is usual to present such motions and the action of the court thereon by bill of exceptions, and we regard this as the proper practice, but inasmuch as the record recites that the defendant excepted to the ruling on the motion, we will treat the exception as saved and the motion as part of the record.

The sufficiency of the indictment and the endorsements thereon must be tested by the requirements of the Federal Statutes. While the Territorial procedure and practice governs in the selecting and empanneling grand jurors, and the conduct of the trial in Federal cases in the district courts of this territory, the suffi· siency and requirements of the indictment must be determined by the laws of the United States. When Congress has defined an offense and prescribed what shall constitute a sufficient charge or presentment to put the offender upon trial, the legislature has no power or authority to add or take from that which has been so presented.

There is no law of the United States requiring the names of witnesses to be endorsed upon the indictment. In treason and capital cases the Federal Statutes do prescribe that the defendant shall be furnished with a copy of the indictment and the names of witnesses against him, a certain number of days before trial, but in no other class of cases is this even required. If this was a prosecution for an offense against the territory a different question would be presented. Section 1025, R. S. United States, provides that,

"No indictment found and presented by a grand jury in any district or circuit *or other court* of the United States shall be deemed insufficient nor shall the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

The failure to endorse the names of witnesses on the indictment goes to matter of form only, and could not in our judgment tend to the prejudice of the defendant. It is not shown or claimed that he did not know who were the witnesses against him, and as he had a right to a list of them on request, and it was the duty of the court to order them furnished if he requested the

names before trial, it is presumed that this was done. Other than the absence of the names of witnesses from the indictment, it appears to have been properly returned and endorsed.

Objection is made to the instructions of the court given in the case. The instructions given are made part of the record by statute, but the evidence is not in the record and unless the instructions given are clearly erroneous as abstract principles of law, or could not under any possible hypothesis have been applicable to the evidence, they cannot be considered in the absence of the evidence. In so far as we can judge the instructions seem to properly state the law.

The other errors assigned cannot be considered, because not made a part of the record by bill of exceptions. Motions copied into the transcript and entries by the clerk of rulings thereon, are not parts of the record and will not be considered unless properly before the court.

We find no error in the record. The judgment of the district court is affirmed at the cost of plaintiff in error.

All the Justices concurring.