SWOPE V. SMITH.

*[Opinion Filed Feb. 18, 1893.]*

1. APPEAL—*Filing Transcript.*—The statute required the appellant to obtain from the justice of the peace a transcript of the proceedings and deliver the same to the clerk of the appellate court within 30 days from the rendition of the judgment, and the transcript was not delivered to the clerk within the time prescribed.   *Held*, there was no appeal, and the appellate court acquired no jurisdiction.

2. No TRANSCRIPT FILED—*Dismissal.*—After the trial was commenced in the appellate court, it was discovered that there was no transcript on file, and, on motion of appellee, the appeal was dismissed.   *Held*, not to be error, as the appellate court had acquired no jurisdiction.

3. MOTION TO REINSTATE—*Affidavit.*—A motion was made by appellant, supported by affidavit, to set aside an order of dismissal and re-instate the cause, but the motion and affidavit were not preserved in a bill of exceptions so as to make them a part of the record.   *Held*, that they could not be considered.

*Appeal from the District Court of Oklahoma County, Hon. J. G. Clark, Judge.*

*J. Milton*, for appellant.

*Adams, Keyes & McClelland*, for appellee.

The opinion of the court was delivered by

GREEN, C. J.:   This was an action of forcible entry and detainer, before the county judge of Oklahoma county, exercising the jurisdiction of a Justice of the Peace, in which appellee was plaintiff and appellant was defendant, brought for the restitution of Lot 27 in Block 24, in the city of South Oklahoma.   A trial before the county judge resulted in a judgment in favor of the appellee and against the appellant for restitution of the premises and costs of suit; from which appellant prayed and obtained an appeal to the district court of said county.   The suit was commenced and prosecuted, and judgment was rendered and appeal

prayed, while the statutes of Nebraska were in force in this Territory.

At the March term, 1891, of the district court, and on the 10th day of August, 1891 which was one of the judicial days of that term, both parties appeared in person and by attorneys, and the cause was regularly called for trial, and, after a jury had been empaneled and sworn, and a number of witnesses examined, appellee moved the court to dismiss appellant's appeal on the ground that no appeal had been perfected in the manner prescribed by statute. The court sustained appellee's motion, and discharged the jury and dismissed the appeal, for the reason, as stated in the record, that the district court had no jurisdiction of the subject matter of the suit, as no appeal had been perfected by the filing of a transcript of the proceedings in the case which were had before the county judge; and appellant duly excepted to the action of the court in dismissing the appeal, and by appeal, brings the record into this court, and assigns such action of the court for error.

The manner of perfecting an appeal from a judgment of a justice of the peace to the district court, under the provisions of the statutes of Nebraska, is specifically pointed out in the following sections:

"Sec. 1006. In all cases not otherwise specifically provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered.

"Sec. 1007. The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with, at least, one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of judgment and costs, conditioned: *First*, that the appellant will prosecute his appeal to effect and without unnecessary delay; *Second*, that if judgment be adjudged against him on the

appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by appellant.

"Sec. 1008. The said justice shall make out a certified ranscript of his proceedings, including the undertaking taken from such appeal, and shall, on demand, deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken, within thirty days next following the rendition of such judgment; and such justice shall also deliver, or transmit, the bill, or bills, of particulars, the depositions and all other original papers, if any, used in the trial before him, to such clerk, on, or before, the second day of such term; and all other proceedings before the justice of the peace, in that case, shall cease and be strayed from the time of entering into such undertaking." (Comp. Stat. Neb. pp. 980, 981.)

From the record before us we have no means of knowing the date of the rendition of the judgment by the county judge. In fact, we do not know that any judgment was rendered at all, as no transcript of the proceedings was filed in the district court; but it does appear that the original papers were filed with the clerk of the court, on the 30th day of October, 1890, and that, on the 10th day of August, 1891, no transcript of the proceedings had yet been filed in the district court, so that it is certain that no transcript of the proceedings before the county judge was delivered to the clerk, within thirty days next following the rendition of the judgment.

By the provisions of § 1008, *supra*, the delivery of a transcript of the proceedings to the clerk of the district court, within thirty days next following the rendition of the judgment appealed from, is necessary in order to perfect the appeal, and a prerequisite to the acquisition of jurisdiction by the district court; and, as no transcript was filed in the district court, either within the thirty days or at any other time, no appeal

was perfected, and the district court acquired and had no jurisdiction of the subject matter of the suit. The filing of the transcript was just as essential to the jurisdiction of the district court as the entering into the undertaking, within ten days of the rendition of the judgment, as provided in § 1007, *supra*. (*Rudolph v. Herman*, 50 N. W. 833; *Coker v. Superior Court*, 58 Cal. 178; *Reed v. Driscoll*, 84 Ill. 96.)

In *Coker v. Superior Court, supra*, the court said:

"To effectuate an appeal from a judgment of a justice of the peace, three things are necessary, viz, the filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all these things must be done within thirty days after the rendition of the judgment. All of them are jurisdictional prerequisites; none of them can be dispensed with; nor can any one of them, if not done, be supplied, or, if fatally defective, be remedied after the time limited by statute; for, untill all the prerequisites are complete, the appeal is not effectual for any purpose."

In the case of *Reed v. Driscoll, supra*, the court said:

"It is urged that the superior court had no transcript upon which to base any order. By filing the appeal bond the court acquired jurisdiction of the defendant. He thereby submitted himself to its jurisdiction. Plaintiff submitted to its jurisdiction by entering his appearance. Thus the court had jurisdiction of the persons of both the parties; but had the court jurisdiction of the subject matter of the suit? If there was such jurisdiction, in what manner was it acquired?

"The 60th and 62d sections of the Revised Statutes of 1845, regulating proceedings before justices of the peace, require, when an appeal is perfected, that the justice shall transmit all the papers in the case, with a transcript of the proceedings before him, properly certified, to the clerk of the circuit court, in the manner therein prescribed. Other portions of the statute prescribe the manner in which a trial and other proceedings shall be had in the circuit court. From these provisions it is manifest that the law designed that

proceedings in the circuit court should be based on the transcript."

And in the case of *Rudolph v. Herman, supra,* the court, after making the quotation set out above from the case of *Coker v. Superior Court,* said:

"If such is the law, and we can see no good reason why it is not, the requirements of the statute not being complied with, the appellate court had no jurisdiction, and the appeal should have been dismissed. The conditions upon which an appeal from a judgment of a justice of the peace may be had, are regulated by statute. The right to such an appeal depends upon a compliance with these requirements. If these be not fulfilled, no appeal can be entertained by an appellate court, because it acquires no control of the case."

A motion was made by appellant, supported by affidavit, to set aside the order of dismissal and to reinstate the cause in the district court; but the motion and affidavit are not preserved in a bill of exceptions so as to make them a part of the record, and we cannot consider them. (*Sleet v. Williams,* 21 Ohio State, 82; *Roundy v. Hunt,* 24 Ill. 598; *Horn v. New et al.* 63 *Id.* 539.)

As no error appears in the record, the judgment of the district court must be affirmed.

Judgment affirmed.

All the justices concurring.