·JOHN P. HEERMANS, PLAINTIFF IN ERROR, VS. THE JACKSONVILLE, ST. AUGUSTINE AND INDIAN RIVER RAILWAY COMPANY, DEFENDANT IN ERROR.

Eminent Domain—Assailing Award of Viewers—Bill of Exceptions Necessary to Exhibit Matters *in pais*.

1. Sections 1544, 1545, 1546, 1547, 1548, 1549, 1550 and 1554 of the Revised Statutes, providing for condemnation of private property for railway right of way purposes, where there has been no demand for a jury trial within the time limited for making such demand, do not contemplate or require notice to the land owner of the application to the Circuit Judge for a formal judgment of confirmation of an award of viewers made in compliance with the provisions of those sections. Where an award has been made by such viewers and the land owner permits the time to elapse within which he can annul it, as of course, by simply demanding a jury trial, without making such demand, the law contemplates that he thereby acquiesces in the propriety and sufficiency of the award made by the viewers, and is satisfied therewith, and it becomes unnecessary then to notify him of the subsequent application to the judge for a formal judgment confirming such award. When no demand for a jury trial is made by either of the parties within the time limited therefor after the viewers make their award, final judgment of confirmation of such award follows *as of course* and may be entered by the judge in vacation.

2. The only method, within the contemplation ·of this statute, by which an award made by viewers can be contested, questioned or annulled is by the simple and most effective mode provided by the statute itself; that is, by either of the parties merely demanding the finding of a jury instead of the award made by the

viewers, which demand when made within the time limited therefor, of itself, effectually and as of course discharges the viewers and annuls all of their proceedings without the intervention of any order from the judge for that purpose. The statute makes no provision for the judge to set aside the award of one set of viewers, because it was influenced by improper motives, and to appoint other and fairer viewers in their stead; but in such a case the simple and easy remedy of merely demanding a jury can be effectively applied by any of the parties interested, without let or hindrance on the part of the court, when it is applied in time. If not applied in the time limited, all parties are presumed to be satisfied, and the formal judgment of confirmation of the award of the viewers follows, as of course, without further ado.

3. Affidavits used before the Circuit Judge in a condemnation proceeding, for the purpose of showing that an award made by viewers was influenced by bias or prejudice, if available for any purpose, must be preserved in a bill of exceptions duly authenticated by the judge below; otherwise an appellate court can not recognize or consider them at all on writ of error.

Writ of Error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Minor S. Jones*, for Plaintiff in Error.

*Robbins & Graham*, for Defendant in Error.

TAYLOR, C. J.:

The writ of error in this case is from a judgment of the Circuit Court for Brevard County on the petition of the railway company, condemning certain land in Brevard county for railway right of way purposes. The proceedings were had under the provisions of §§1544, 1545, 1546, 1547, 1548, 1549, 1550 and 1554, Revised Statutes. Three viewers were appointed in compliance

with said statute, who on the 9th day of February, 1894, filed their report awarding to the owner of the land, the plaintiff in error herein, the sum of $500 for six and one-third acres of land condemned, and on the 3rd day of March, 1894, no demand for a jury having in the meantime been made, the Circuit Judge in vacation rendered final judgment confirming the report of the viewers and adjudging that the land taken should be appropriated to the uses of said railway company for its right of way upon its paying into the registry of the court for the use of the plaintiff in error the sum of $500 as awarded therefor.

Afterwards, on the 13th day of June, 1894, during a term of the Circuit Court then held in said county, the plaintiff in error moved the court to set aside "the award of the viewers" in said case because: "1st. The appointment of viewers was contrary to the constitution and laws of the State of Florida. 2nd. Because said award was made on a basis of bias and prejudice to defendant." This motion was denied, and on the 21st of November, 1894, the defendant below sued out his writ of error.

The errors assigned are: 1st. The court erred in entering the judgment of condemnation. 2nd. The court erred in refusing, on motion of plaintiff in error, to vacate the judgment and set aside the award of the viewers. 3rd. And in other matters apparent on the face of the record.

There is no question raised or presented here as to the constitutionality of that feature of the Revised Statutes that provides for the appointment of "three viewers" to determine the compensation to be paid for the condemnation of land under the right of eminent domain. We are not called upon, therefore, to adjudicate that question, and do not mean that the disposition we

feel constrained to make of this case, because of the manner of its presentation, shall be construed as an adjudication of that question either *pro* or *con*.

The only reasons urged here in the briefs of counsel for the plaintiff in error as to why the judgment of the Circuit Court was erroneous, are: 1st. That the court erred in entering the judgment in vacation without notice to Heermans of the time and place of application therefor. 2nd. That the court below erred in not granting the motion of the defendant below to vacate said judgment and the award of the viewers because the defendant by uncontradicted affidavits presented with said motion showed that the viewers were not impartial, but were biased in favor of the railway company as against defendant. The first of these contentions, it will be observed, is new matter sprung in this court for the first time. In the motion made before the Circuit Judge for vacation of the "award of the viewers," it was not contended that the court's formal judgment of confirmation thereon could not legitimately be made in vacation, neither was it contended before the Circuit Judge that such judgment was entered *ex parte* and without notice to the defendant of the time and place of application therefor. We might dismiss this first contention with the remark that no such question being raised or ruled upon in the court below there was nothing for our determination. But even admitting that the facts of the contention are true, that the judgment was rendered in vacation and without notice to the landowner of the time and place of the application therefor, we do not think for those reasons there was error in so doing. Section 973 Revised Statutes empowers the Circuit Judges generally to exercise any jurisdiction in vacation, that does not require the intervention of a jury, that they can exercise in term time, and section 1551

Revised Statutes expressly provides that the proceedings in these condemnation cases where a jury is demanded may be had in vacation, and none of the provisions of the statute seem to contemplate that the defendant landowner shall have notice of the application to the judge for the formal judgment of confirmation where there is an award of viewers, acquiesced in by the defendant by his failure to demand a jury trial within the five days limited for such demand after the filing by the viewers of their award. Section 1549 provides that the viewers shall give five days' notice of their intention to file their report. It is not contended or claimed here or elsewhere that this last named notice was not given to the plaintiff in error by the viewers. The presumption must be indulged, therefore, that he did have such notice. Section 1550 then gave him the absolute and arbitrary right to completely annul the proceedings before and findings of the viewers by simply demanding a jury trial, within five days after the filing by the viewers of their report, without the presentation of any reason or cause for such demand. The defendant failed to make any such demand for a jury within the time allotted to him, and offers no reason or excuse for his not having done so. He was then presumed to have been *satisfied* with the findings and award of the viewers, and there was no necessity to notify him of the application for the formal judgment confirming such finding.

The statute seems to contemplate that when there is no annulment of an award of viewers by the filing of a demand for a jury within the time limited therefor, that then there is nothing left for the Judge to do in the premises but to enter judgment of confirmation, which follows *as of course*, when there is an award of viewers *unassailed* by a demand for the findings of a jury in its stead. The statute does not contemplate that the

award of viewers can be contested, questioned or annulled in any other way than by the simple and most effective mode provided by the statute, that is, by merely demanding a jury's finding in its stead, which demand, of itself, when made in time, effectually and as of course discharges the viewers and annuls all of their proceedings. The statute makes no provision for the Judge to set aside the award of one set of viewers, because it was influenced by improper motives, and to appoint other and fairer viewers in their stead; but in such a case the simple and easy remedy of merely demanding a jury can be arbitrarily and effectively applied by any of the parties interested, without let or hindrance on the part of the court, when it is applied in time. If not applied in the time limited, all parties are presumed to be satisfied, and the formal judgment of confirmation of the award of the viewers follows as of course, without further ado.

The second of the reasons urged here for reversal of the judgment, *viz*: that it was shown by the defendant below on his motion for vacation of the award of the viewers, by uncontradicted affidavits, that the viewers were not fair and impartial, we can not consider, even if it were not already effectually disposed of in what has been already said. If there were any such affidavits presented in support of such motion, the only way that they could be so evidenced to this court as that we could recognize or consider them, was to have preserved them in a *bill of exceptions* duly authenticated by the Judge below. There is no bill of exceptions in the record here, and though the alleged affidavits are recited and copied into the record by the clerk below, they form no part of the record proper in the cause, and the *ipse dixit* of the clerk below in reference thereto is no evidence to an appellate court of their existence or use in the court below. Wiggins v. Witherington, 96 Ala. 535, 11 South.

Rep. 539; Waring v. Gilbert, 25 Ala. 295; McAbee v. Randall, 41 Cal. 136; Elliott's App. Proc. §191; Vanlandingham v. Fellows, 1 Scam. (Ill.) 233; Horn v. Neu & Gintz, 63 Ill. 539; Broward v. State, 9 Fla. 422; Carter v. State, 20 Fla. 754; Hellen & Acosta v. Steinwender & Sellner, 28 Fla. 191, 10 South. Rep. 207; Swope v. Smith, 1 Okla. 283, 33 Pac. Rep. 504; Sides v. Brendlinger, 14 Neb. 491, 17 N. W. Rep. 113; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. Rep. 74; The Kansas City, Clinton & Springfield Railway Co. v. Carlisle, 94 Mo. 166, 7 S. W. Rep. 102; Allen v. Berndt, 133 Ind. 355, 32 N. E. Rep. 1127; Hauser v. Roth, 37 Ind. 89; Chouteau v. Nuckols, 33 Mo. 148; Pedrorena v. Hotchkiss, 95 Cal. 636, 30 Pac. Rep. 787; Anderson v. Sloan, 1 Col. 33. The second and last reason urged for the reversal of the judgment must, therefore, fail for the want of facts to sustain it.

The judgment of the Circuit Court is affirmed.