COYLE MERCANTILE COMPANY v. NIX, HALSELL & CO.

(Filed July 30, 1898.)

ATTACHMENT—*Amendments of Affidavit.* An affidavit in attachment which omits to state the amount of indebtedness due from the defendant is defective merely, and may be amended. Such amendment, when made, relates back to the time of the filing of the original affidavit, and the lien of the writ issued thereon is prior to that of a junior attachment levied before such affidavit was amended.
(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before J. R. Keaton, District Judge.*

*T. G. Cutlip* and *B. B. Blakeney,* for plaintiff in error.

*Cotteral & Hornor* and *Cassidy & Cassidy,* for defendant in error. .

'Action by Nix, Halsell & Co. against Fox Stephens. The Coyle Mercantile Company also began an attachment against the same defendant. From a judg-

ment in favor of Nix, Halsell & Co., the Coyle Mercantile Company brings error.   Affirmed.

Opinion of the court by

TARSNEY, J.:  On October 26, 1896, Nix, Halsell & Co. commenced an action in the district court of Pottawatomie county against Fox Stephens for goods sold and delivered, and instituted attachment proceedings therein.  Neither the petition in said cause nor the affidavit for attachment stated the amount that was due and owing to the plaintiffs therein; the allegation of the petition in relation thereto being "that there is now due and owing to said plaintiffs from said defendant, on account of said goods so sold and delivered, the sum of $——, for which sum and the cost of suit plaintiffs ask judgment," and the recital in the affidavit being "that said claim is just, and that said affiant believes that plaintiffs ought to recover of defendant in this action the sum of $——." The petition and affidavit in all other respects were sufficiently formal.  The property was levied upon under a writ issued upon said petition and affidavit.  Afterwards, and subsequent to the levy of the writ of attachment in an action commenced by the plaintiff in error upon the same property, the court permitted Nix, Halsell & Co. to amend their petition and affidavit by inserting the amount claimed.

On the said 26th day of October the Cudahy Packing Company also commenced an action and instituted attachment proceedings against said Fox Stephens for the sum of $209.08 on account. The defendant therein moved to dissolve said attachment on the ground, among others, "that the purported affidavit for attachment does not show the nature of plaintiff's cause of action against defendant."  Upon the hearing of this motion the court

granted leave to the plaintiff to file an amended affi-
davit, which amended affidavit was filed; said amended
affidavit reciting that "said plaintiff has commenced said
action against the defendant, Fox Stephens, for the re-
covery of $209.08; that said defendant is indebted to said
plaintiff in said sum for goods, wares, and merchandise
sold and delivered by said plaintiff to the defendant at
defendant's instance and request; that said claim is just,
is due, and is wholly unpaid." Then followed other and
sufficient allegations showing the grounds of attachment.
Each of the actions in attachment by the defendants in
error was commenced, and the writs therein levied upon
the property in controversy, before the commencement
of the attachment proceedings by the plaintiff in error,
but said amendments to said petition and affidavits were
not allowed or made until after the commencement of
the attachment proceedings by plaintiff in error.

The contention of the plaintiff in error is that the affi-
davit in attachment in the case of Nix, Halsell & Co.,
by omitting the amount sued for, was fatally defective,
did not authorize the issuance of a writ, and, as to a sub-
sequent attachment, was void; that the levy under said
writ did not create a lien against the property superior
to the lien of plaintiff in error under its attachment;
that the omission in the affidavit in the case of the Cuda-
hy Packing Company to show the nature of the plain-
tiff's cause of action against the defendant therein ren-
dered the same likewise void; and that no lien was cre-
ated thereby superior to the lien of a junior attachment.

An attachment affidavit which fails to state the
amount sued for is defective, but is not void. The de-
fect can be cured by amendment. A junior attaching
creditor may intervene in a prior attachment suit, but he

cannot defeat the attachment for mere errors or irregularities in the proceedings, but only for imperfections which are unamendable and render the proceedings void. (*Standard Implement Co. v. Lansing Wagon Works,* [Kan. Sup.] 48 Pac. 638; *Sannoner v Jacobson,* 47 Ark. 31, 14 S. W. 458; *Carter v. O'Bryan,* [Ala.] 16 South. 894; *Bateman v. Ramsey,* 74 Tex. 589, 12 S. W. 235.)

Proceedings which are amendable are not void. The very fact that the court can make the amendment shows, *ex vi termini,* that the proceedings are merely erroneous or irregular, and that the court has jurisdiction. (*Cooper v. Reynolds,* 10 Wall. 308; *Hunt v. Loucks,* 38 Cal. 372; *Lardin v. Lee,* 51 Mo. 241.)

In *Durham v. Heaton,* 28 Ill. 264, it is said: "A void writ has no vitality, and nothing exists by which it can be amended. * * The breath of life cannot be infused into it, and it is a nulity. Not so with a writ voidable only * * and all acts done under it are valid and binding until set aside." The failure of an attachment affidavit to state the amount of the indebtedness due, for which the action is brought, does not render the proceedings void. Such affidavit is defective merely, and may be amended; and, if not amended, the defect is cured by judgment, except as to direct proceedings in the cause.

In *Harvey v. Foster,* (Cal.) 30 Pac. 849, it is said: "The affidavit fails to state the amount of the indebtedness due from Logan to Harvey. (Code Civ. Proc. sec. 538.) If the defendant in the action, (*Harvey v. Logan,*) had moved to dissolve the attachment, it would have been the duty of the court to have ordered the attachment to be dissolved, but the lien of the attachment was valid as against the present defendants."

In *Wells, Fargo & Co. v. Danford,* 28 Kan. 490, it is said:

"The proper order to be made before the judge upon motion to discharge an attachment on the ground of a defective affidavit is that the attachment should be dissolved unless the plaintiff within a designated time, file a sufficient amended affidavit."

In *Tootle v. Smith*, (Kan. Sup.) 7 Pac. 577, it is held that, where the amount of indebtedness was omitted from the attachment affidavit, it was a mere irregularity, which could be cured by amendment, and that it was the duty of the court to allow the amendment. Under our Code, any pleading, process, or proceeding may, by leave of the court, be amended by adding or striking out the name of any party, correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense. (Code Civ. Proc. sec. 4017.)

Under this provision of the Code an affidavit in attachment may be amended. The jurisdiction of the court in attachment proceedings is dependent upon the existence of some one of the grounds which, under the statute, authorizes the issuance of an attachment and the service of process. The defendant being served with process, and the grounds for issuing an attachment existing, the court has jurisdiction both of the subject matter and of the persons of the parties. The affidavit, so far as it relates to the character, nature, or amount of the plaintiff's claim, is not jurisdictional, as it tenders no issue not already tendered by the petition in the action. The court below very correctly permitted the defects that existed in the original affidavits to be corrected by amendment. The objection to the amended affidavit in the case of the Cudahy Packing Company is

simply imaginative; that objection being that as its language is in the present tense, viz. "that said claim is just, is due, and is wholly unpaid," it is not an affidavit that the claim was just, was due, and was unpaid at the commencement of the action.

In *Grocery Co. v. Burnham*, 6 Okla. 618, 52 Pac. 918, this court said: "The purpose of an amendment being to correct defects, its operation is retroactive, and makes the pleading, process or proceeding as if the defect therein had never existed. In general, when an amendment has been properly made, and is for the same cause of action, the amended pleading is regarded as a continuation of the original pleading, and takes effect as of the date when the latter was filed." We find no error in this record, and the judgment of the court below is affirmed.

All of the Justices concurring.