JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW JOHN KANE,  } JUSTICES.
JOHN B. TURNER,

HARRIS v. FOX.

No. 36.   Opinion Filed November 16, 1908.

(99 Pac. 651.)

**APPEAL AND ERROR—Bill of Exceptions—Matters to be Shown by.**
The quashing of an attachment cannot be reviewed, where the
motion to quash and the answer thereto are not preserved in
the bill of exceptions.

*Error from District Court, McClain County; R. McMillan, Judge.*

Action by Lee Harris against Isom Williams, in which action

plaintiff caused a writ of attachment to issue. Thereafter C. B. Fox, as administrator of the estate of Isom Williams, deceased, moved to quash the attachment, which motion was granted, and Harris brings error. Writ of error dismissed.

*Wadlington & Wadlington,* for plaintiff in error.
*J. F. Sharp,* for defendant in error.

PER CURIAM. On July 7, 1907, Lee Harris, plaintiff in error, plaintiff below, sued Isom Williams, defendant in error, defendant below, in the United States Court for the Indian Territory, Southern District at Purcell, on a promissory note for $106.-80, and caused a writ of attachment to issue, which was levied upon certain lands belonging to him lying in the Eighteenth recording district of the Indian Territory. Thereafter C. B. Fox, as administrator of defendant appeared and filed answer, in effect a general denial, and on November 13, 1907, filed a motion to quash the levy and discharge the attachment. On December 12, 1907, said motion coming on to be heard, the court ordered the same quashed and the attachment discharged, to which plaintiff excepted, and filed his bill of exception and prosecuted the same by petition in error and case-made to this court for review.

But this appeal brings nothing before us. The bill of exceptions, while it undertook to set forth the substance of the motion to quash the attachment, together with the substance of the answer thereto, together with an agreement that the defendant, Isom Williams, was at the time of the levy an Indian of less than full blood, that the lands attached were of his allotment other than his homestead, that all restrictions upon alienation had been removed from the lands levied upon prior to the date of the levy by virtue of an act of Congress approved April 21, 1904 (33 Stat. 204, c. 1402), yet, as the motion to quash and the answer thereto are not preserved in the bill of exceptions, so as to make them a part of the record, the same cannot be by us considered. 3 Enc. Pl. & Pr. 392; *Swope v. Smith,* 1 Okla. 283, 33 Pac. 504; *Coyle Mercantile Co. v. Nix,* 7 Okla., 267, 54 Pac. 469.

For that reason the motion to dismiss the appeal is granted, at the cost of the plaintiff in error.

All the Justices concur.