Davis v. Lammers *et al.*

No. 557.   Opinion Filed March 9, 1909.

(100 Pac. 514.)

APPEAL AND ERROR—Record—Motion to Vacate Judgment. A motion to vacate and modify a judgment, not being preserved in the transcript by bill of exceptions, so as to make it a part of the record, can not be considered.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory, at Muskogee.*

Action by Charles Lammers and others against Sam T. Davis. Judgment for plaintiffs, and defendant brings error. Dismissed.

*Mont T. Sharp,* for plaintiff in error.

*Charles Bagg,* for defendants in error.

PER CURIAM. On March 24, 1906, Charles Lammers and William Lowe, defendants in error, plaintiffs below, sued S. T. Davis plaintiff in error, defendant below, in the United States Court for the Indian Territory, Western District, at Muskogee, for $507, balance due on a building contract, and for $191, the alleged value of certain extra work done by them on the building over and above that stipulated to be performed in said contract. After answer filed, and reply, there was trial to a jury, and verdict for plaintiffs for $507, and after motion for a new trial was filed, and overruled, defendant was given 60 days from July 17, 1908, in which to make and serve a case-made for this court. On December 7, 1908, came on to be heard a motion by defendant to correct the record, which the court sustained, in effect holding a certain entry of judgment on the verdict, made on the day of its rendition, void, and approving as the judgment of the court a certain entry, made November 20, 1908, in favor of plaintiffs for said amount and costs. On December 12, 1908, defendant filed a motion to vacate said judgment and for judgment *nunc pro tunc,* and among other things alleged therein that the special judge who tried the cause, in overruling his motion for a new trial, required plaintiffs to remit $165 on said verdict, which he says was done, and a journal entry to that effect then and there prepared and signed by said judge, which defendant later presented to the clerk of the said court, who failed and refused to recognize the same, but entered said judgment of November, 20, 1908, for the full amount of said verdict, and filed as an exhibit thereto said alleged journal entry, and prayed that judgment be entered accordingly. which said motion the court overruled, to which defendant excepted, and the same is now before us for review on petition in error and transcript of the record, together with a motion to dismiss the appeal.

We are of the opinion that the motion should be sustained. The proceeding in the court below was one to vacate and modify, on motion, a judgment after the term at which it was rendered, pursuant to Wilson's Rev. & Ann. St. 1903, § 4760, on the ground of misprision of the clerk. But the motion to vacate and modify, not being preserved in the transcript by bill of exceptions, so as to make it a part of the record, cannot be by us considered. *Harris v. Fox,* 22 Okla. 403, 99 Pac. 651; *City of Kingfisher v. Pratt,* 4 Okla. 284, 43 Pac. 1068; *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *U. S. ex rel., etc., v. C., O. & G. Ry. Co.,* 3 Okla. 404, 41 Pac. 729; *Lookebaugh v. La Vance,* 6 Okla. 358, 49 Pac. 65; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80. And for that reason the motion to dismiss the appeal is granted, at the cost of plaintiff in error.

All the Justices concur.