HICKS *et al.* v. GAY *et al.*

No. 3163.   Opinion Filed January 9, 1912.

(120 Pac. 636.)

APPEAL AND ERROR—Review—Record—Motion to Reinstate. A motion to reinstate a cause, not preserved in the transcript by bill of exceptions, so as to make it a part of the record, cannot be considered.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*Frank Matthews, Judge.*

Action by Sanford Gay and others against H. L. Hicks and another. From order of reinstatement after dismissal, defendants bring error. Dismissed.

*Petry & McConnell,* for plaintiffs in error.

*Lawson & Dalmey* and *Garrett & Austin,* for defendants in error.

TURNER, C. J.  On May 27, 1911, Sanford Gay and eleven other defendants in error, alleging themselves to be resident landholders of Jackson county, and riparian owners of the surface and underflow waters of Turkey creek, sued H. L. Hicks and Ben Hennessey, secretary of the board of agriculture and *ex officio* state engineer, plaintiff's in error, in the district court of that county.  The petition further alleges in brief that said Hennessey, as secretary, was about to grant to the said Hicks certain rights, according to the prayer of his certain petition therein set forth, in and to the waters of said creek, and, among other things, prayed that he be, and he was, enjoined from so doing.  On June 14, 1911, came on to be heard at chambers the separate demurrer and motion to dissolve of each defendant, which were sustained by the judge, and, plaintiffs refusing to plead further, judgment was rendered and entered accordingly, and their petition dismissed.  On July 10, 1911, plaintiffs com-

menced proceedings in error in this court by filing a petition in error and transcript of the record and suing out a·summons in error. On September 2, 1911, came on to be heard in the trial court a motion to reinstate the cause, and set the same for hearing, upon the ground that the order dismissing the petition was without authority of law, which the court, being of opinion that the chambers order dismissing the petition was void, sustained. To reverse the action of the court, Hicks and Hennessey bring the case here.

On whether this is an appealable order it is unnecessary for us to pass. It is sufficient to say that the motion to reinstate the cause, not being preserved in the transcript by bill of exceptions, so as to make it a part of the record, cannot be considered here. *Davis v. Lammers et al.*, 23 Okla. 338, 100 Pac. 514.

As no other error is assigned, this proceeding in error is dismissed.

HAYES, KANE, and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.