## O. K. BUS & BAGGAGE CO. *et al.* v. COX.

No. 7100.    Opinion Filed October 10, 1916.

(160 Pac. 455.)

**APPEAL AND ERROR—"Record"—Scope and Contents—Motion to Reinstate Appeal.** A motion filed in the county court to reinstate an appeal from a judgment of a justice of the peace which had been dismissed upon motion does not constitute a part of the record proper, and therefore the action of the county court thereon cannot be reviewed by the Supreme Court upon a proceeding in error instituted by filing with this court a petition in error with a purported transcript of the record attached thereto.

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Mrs. T. L. Cox against the O. K. Bus & Baggage Company and others. From action of the county court in overruling motion to reinstate their appeal, the O. K. Bus & Baggage Company and others bring error. Dismissed.

*Blake & Boys*, for plaintiffs in error.

*J. C. Helm, C. M. Thorp,* and *H. A. Wilkinson*, for defendant in error.

KANE, C. J.   This cause comes on to be heard upon a motion to dismiss the proceeding in error, upon the ground that the only error complained of in the petition in error filed by the plaintiffs in error is not such an error as may be reviewed upon a transcript of the record. The motion seems to be well taken. This action was originally commenced by the defendant in error against the plaintiffs in error before a justice of the peace, where judgment was rendered in favor of the plaintiff. Thereafter defend-

ants attempted to appeal to the county court from the judgment rendered against them by the justice of the peace. Thereafter a motion to dismiss the appeal was sustained by the county court. Thereafter defendants filed their motion in the county court to reinstate said appeal, which motion was by the county court overruled. Whereupon this proceeding in error was commenced by filing in this court a petition in error, with a transcript of the record of the trial court attached thereto, for the purpose of reviewing the ruling of the trial court upon the motion to reinstate the appeal.

It has been held by this court in a long line of cases that motions of this sort do not constitute a part of the record proper, and therefore the action of the trial court thereon cannot be reviewed by this court upon a transcript of the record. A few of the cases so holding are *Fisher v. United States,* 1 Okla. 252, 31 Pac. 195; *City of Kingfisher v. Pratt,* 4 Okla. 284, 43 Pac. 1068; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Green et al. v. Town of Yeager,* 23 Okla. 128, 99 Pac. 906. In the following cases to the same effect the motions involved were motions to dismiss appeals: *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Singleton v. Kennamer,* 27 Okla. 564, 122 Pac. 1026. And in the following cases the motions involved were motions to reinstate causes which had been dismissed: *Swope v. Smith,* 1 Okla. 283, 33 Pac. 504; *Hicks et al. v. Gay et al.,* 31 Okla. 150, 120 Pac. 636.

Upon the authority of these cases the motion to dismiss the appeal must be sustained.

It is so ordered.

All the Justices concur.