### In re WILLMERING'S ESTATE. WILLMERING v. McDONNELL et al.

No. 21178.    Opinion Filed July 19, 1932.

Ruby Turner-Looper, for plaintiff in error.

Hall & Thompson, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Oklahoma county in dismissing an appeal thereto from the county court of Oklahoma county in the matter of the probating of the will of Henry Willmering, deceased. The journal entry recites the facts and is as follows:

"This cause coming on to be heard this 4th day of October, 1929, being one of the regular judicial days of the September term of said court, this cause comes on to be heard in its regular order; upon the motion of the proponent herein to dismiss contestant's appeal in the case from the county court of said county and state to this court, the parties being present in person and by their attorneys of record, respectively, herein, and hearing the argument of counsel, it appearing to the court that this cause was heard before the Honorable C. C. Christison, judge of the county court on the 2nd day of May, 1928, and the court made an order or decree denying contestant's petition and admitted said will therein to probate, to which order or decree contestants at the time excepted and saved his exceptions, which was on the 2nd day of May, 1928; that on the 9th day of May, 1929, contestants filed with the clerk of said court notice of appeal from said decree or order, as provided in section 1414 of the Compiled Statutes of Oklahoma 1921, and on the 9th day of May, 1928, contestants filed appeal bond for costs as provided by said section 1414 of said statutes, and it appearing to the court that said notice of appeal and appeal bond were given, made and filed in court as and in the manner prescribed by said statute.

"It further appearing to the court that the judge of the county court of said county and state, did not cause certified copy of said notice, bond, and judgment, the speci-

fic part thereof appealed from and of the record, papers and proceedings in the case to be transmitted within ten days after the filing of such notice of appeal and the giving of the appeal bond aforesaid, as provided, in section 1422, Compiled Statutes of Oklahoma 1921, but did file said appeal with the clerk of this court on the 12th day of January, 1929, and it appearing to the court that the failure of the judge of the county court to file such papers and records, as provided in said section, within ten days after the filing of said notice of appeal and the giving of the appeal bond by contestants, leaves this court without jurisdiction to hear the matters and things complained of in contestants' petition and that said appeal from the county court to this court should be dismissed.

"It is, therefore, ordered, adjudged, and decreed that contestants appeal herein be, and the same hereby is, dismissed.

"Thereupon, contestants object and except to the order of the court, and such exceptions are by the court allowed.

"And thereupon contestants give notice in open court of their intention to appeal from this order to the Supreme Court of the state of Oklahoma, and the Clerk of this court is ordered to note such intention to appeal upon the trial docket of this cause.

"It is, therefore, further ordered by the court that such appeal be allowed; that contestant make a good and sufficient bond in the sum of $200 to be approved by the Clerk of this court, with two or more sufficient sureties, conditioned as required by law, to supersede this judgment; that such contestant have 30 days from this date within which to prepare and serve a case-made herein, that all parties have three days thereafter in which to suggest amendments, the same to be signed and settled upon three days' written notice thereafter.

"'Wyley Jones,
"Judge of the District Court."

A motion for a new trial was filed and overruled, and proceeding in error is brought here with assignments of error complaining of the sustaining of the motion to dismiss the proceeding in the lower court, and in overruling the motion for new trial.

The statutory provisions are cited in the briefs of both sides concerning the proceeding on appeal, and the cases of In re Folsom's Estate, 57 Okla. 79, 159 P. 751, Thompson v. State, 54 Okla. 647, 154 P. 508, and Twin State Oil Co. v. Johnson, 72 Okla. 174, 179 P. 605, are cited. Analogy is drawn from the justice of the peace appeal statute, construed in the case of Chicago, R. I. & P. Ry. Co. v. Elsing, 52 Okla. 329, 152 P. 1091, and Chicago, R. I. & P. Co. v. Moore, 34 Okla. 199, 124 P. 989.

The defendants in error have filed a brief setting up the motion to dismiss in the court below, and relying upon the failure to include in the transcript certain papers, and relying upon section 1422, C. O. S. 1921, [O. S. 1931, sec. 1410] which prescribes that the judge of the county court must, within 10 days from the time of giving the required bond, make up a transcript and file it. That section also prescribes what the respondent may do in the case of a failure to prosecute the appeal being made by the appellant in the probate case. Other sections are cited as to what the duties of the county court are in making findings.

Under the Nebraska law, as originally adopted in this state, as indicated by the case of Swope v. Smith, 1 Okla. 283, 33 P. 504, a failure to file the transcript for the length of time here indicated would have been fatal to the entertaining of the appeal. That, however, is not our present statute, and under the Folsom decision, cited above, it appears that in a probate case similar to this the statute was interpreted against the position of the defendants in error. That opinion was filed on the 14th of March, 1916, rehearing denied April 5, 1916, and was an appeal to this court to review the action of a district court in dismissing an appeal from the county court to the district court, and the time that had elapsed from the time of the perfecting of the appeal and the filing in the district court was something like 18 months. We think the Folsom decision is justified by the statutory provisions.

As applied to the present case, it appears to us that sufficient was certified on the first certification to cover the points that would be involved in a trial de novo to show the validity of the will that is here involved. However, in the event the transcript was not complete, the lower court could have required a certification of more of the record, if there was a diminution. However, if the county court did not do all the things that were required by the statute to be done by it, that should not prevent the district court from entertaining the appeal and doing justice between the parties, if the appeal had been prayed for in the manner required by law and the bond had been given and approved.

We think this case must be reversed, and it is reversed, with directions to the lower court to set aside its order dismissing and proceed to try the matter in due course of law.

RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and ANDREWS and McNEILL, JJ., absent.